Courtney Lowery (Bar No. 036888)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
courtney@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate and Randi Pitts, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Tri City Transport, LLC, SWWOOP, LLC, and Michael Butler,<br><br>Defendants. | NO. 2:22-cv-<br><br>**ORIGINAL COMPLAINT—COLLECTIVE ACTION** |

Plaintiffs Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate and Randi Pitts (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Courtney Lowery of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendants Tri City Transport, LLC, SWWOOP, LLC, and Michael Butler (collectively "Defendant" or "Defendants"), state and allege as follows:

## I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiffs also bring this action under A.R.S. § 23-353 against Defendants for failure to pay full and final wages due upon termination of their employment, and under A.R.S. § 23-363 for failure to pay sufficient minimum wages under Arizona state law.

3. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper wages under the FLSA and A.R.S. § 23-353.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges violations of Arizona state law, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' Arizona state law claims pursuant to 28 U.S.C. § 1367(a).

6. Upon information and belief, Defendants are headquartered in Phoenix. Therefore, venue is proper within the Phoenix Division of this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

7. Plaintiff Todd Heichel ("Heichel") is an individual and resident of Navajo County.

8. Plaintiff Rudy Castro ("Castro") is an individual and resident of Pima County.

9. Plaintiff Justin Garmendia ("Garmendia") is an individual and resident of Navajo County.

10. Joshua Holgate ("Holgate") is an individual and resident of Yavapai County.

11. Randi Pitts ("Pitts") is an individual and resident of Coconino County.

12. Separate Defendant Tri City Transport, LLC ("TCT"), is a domestic limited liability company.

13. TCT's registered agent for service of process is Michael Butler at 1237 North Renee Avenue, Gilbert, Arizona 85234.

14. Separate Defendant SWWOOP, LLC ("SWWOOP"), is a domestic limited liability company.

15. SWWOOP's registered agent for service of process is Michael Butler at 12329 West Flores Drive, El Mirage, Arizona 85335.

16. Separate Defendant Michael Butler ("Butler") is an individual and resident of Arizona.

17. Defendants maintain a website at https://swwoop.com/.

## IV.   FACTUAL ALLEGATIONS

18. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

19. Upon information and belief, the revenue generated from TCT and SWWOOP was merged and managed in a unified manner.

20. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

21. Butler is a principal, director, officer, and/or owner of TCT and SWWOOP.

22. Butler, in his role as an operating employer of TCT and SWWOOP, had the power to hire and fire Plaintiffs, often exercised supervisory authority over Plaintiffs' work, including the day-to-day job duties that Plaintiffs' job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

23. Butler took an active role in operating TCT and SWWOOP and in the management thereof.

24. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

25. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

26. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

27. Defendants employed each Plaintiff within the three years preceding the filing of this Complaint.

28. Defendants employed Heichel as a Driver from March of 2022 until April of 2022.

29. Defendants employed Castro as a Driver from May of 2022 until July of 2022.

30. Defendants employed Garmendia as a Driver from May of 2022 until June of 2022.

31. Defendants employed Holgate as a Driver from August or September of 2021 until November of 2022.

32. Defendants employed Pitts as a Driver during the month of August of 2022.

33. Defendants also employed other Drivers within the three years preceding the filing of this Complaint.

34. Defendants paid Plaintiffs and other Drivers per mile driven.

35. Defendants did not pay Plaintiffs or other Drivers an hourly or a salary wage.

36. Defendants classified Plaintiffs and other Drivers as exempt from the overtime requirements of the FLSA.

37. Defendant directly hired Plaintiffs and other Drivers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

38. Plaintiffs' and other Drivers' work followed the usual path of employer-employee relationships; Defendants treated them as independent contractors only for tax purposes and for Defendants' convenience.

39. Defendants, at all times relevant hereto, knew that Plaintiffs and other Drivers were acting as employees, rather than as independent contractors, and treated them as employees.

40. Defendants set Plaintiffs' and other Drivers' schedules. Plaintiffs and other Drivers were required to arrive at work at specific times and remain until their scheduled shift was over.

41. Defendants required Plaintiffs and other Drivers to satisfy whatever needs and requirements Defendant and Defendant's customers had.

42. Defendants expected Plaintiffs and other Drivers to follow Defendant's policies.

43. Plaintiffs and other Drivers were required to complete the tasks Defendants assigned to them or risk being disciplined, including termination of their employment.

44. Plaintiffs and other Drivers could not decline assignments or else they would risk being disciplined, including termination of their employment.

45. Plaintiffs and other Drivers did not manage Defendants' enterprise or a customarily recognized subdivision of the enterprise.

46. Plaintiffs and other Drivers did not exercise discretion and independent judgment with respect to any matters of significance.

47. Plaintiffs and other Drivers were hired to work for Defendants for a continuous and ongoing period of time.

48. Plaintiffs and other Drivers did not select any employees for hire, nor did they have any ability to fire employees.

49. Plaintiffs and other Drivers did not have any control of or authority over any employee's rate of pay or working hours.

50. Defendants determined Plaintiffs' and other Drivers' pay scale for services without input from or negotiation with Plaintiffs and other Drivers.

51. Defendants set prices for services without input from or negotiation with Plaintiffs and other Drivers.

52. Defendants made decisions about advertising Defendants' business without Plaintiffs' and other Drivers' input.

53. Defendants made decisions on what new business to pursue or take without Plaintiffs' and other Drivers' input.

54. Plaintiffs and other Drivers did not negotiate contracts or prices with Defendants' customers.

55. Defendants directed Plaintiffs and other Drivers in their work.

56. Plaintiffs and other Drivers had no opportunity to share in Defendants' profits.

57. Plaintiffs and other Drivers did not share in Defendants' losses.

58. Plaintiffs and other Drivers' had no investment in Defendants' business or operations.

59. Plaintiffs and other Drivers regularly or occasionally worked over forty hours per week throughout their tenure with Defendants.

60. Defendants did not pay Plaintiffs or other Drivers 1.5 times their regular rate of pay for hours worked over 40 in a week.

61. In some weeks, Plaintiffs and other Drivers worked so many hours that their constructive hourly rate fell below both the federal and state statutory minimum.

62. The per-mile pay did not include reimbursement for mileage expenses. Plaintiffs and other Drivers therefore "kicked back" that amount to Defendants, creating additional minimum wage and overtime violations. See 29 C.F.R. § 531.35.

63. The net effect of Defendants' practices and policies regarding Plaintiffs' job duties and pay, as described above, is that Defendant intentionally misclassified them as independent contractors in order to avoid paying them sufficient wages.

64. Defendants made no reasonable efforts to ascertain and comply with applicable law.

65. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other Drivers violated the FLSA.

66. Defendants did not pay Plaintiffs all wages due when Plaintiffs' employments were terminated, nor within 7 days thereafter.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

67. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Minimum wage for all hours worked;

B. Regular wages and overtime premiums for all hours worked over forty hours in any week;

  C. Liquidated damages; and

  D. Attorney's fees and costs.

68. Plaintiffs propose the following collective under the FLSA:

**All Drivers within the past three years.**

69. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

70. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

71. The members of the proposed FLSA collective are similarly situated in that they share these traits:

  A. They worked as Drivers for Defendants;

  B. They were paid per mile driven;

  C. They were subject to the numerous policies and practices as described above;

  D. They worked over forty hours in at least one week within the past three years; and

  E. They were subject to Defendants' common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

72. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds fifty persons.

73. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

74. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

75. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

76. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

77. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

78. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

79. Defendants misclassified Plaintiffs as exempt from the requirements of the FLSA.

80. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiffs 1.5 times their regular rate for all hours worked in excess of 40 per week.

81. Defendants failed to pay Plaintiffs a lawful minimum wage for all hours worked.

82. Defendants knew or should have known that their actions violated the FLSA.

83. Defendants' conduct and practices, as described above, were willful.

84. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

85. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

86. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

87. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

88. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

89. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

90. Defendants misclassified Plaintiffs and other similarly situated employees as exempt from the overtime provisions of the FLSA.

91. Defendants failed to pay Plaintiffs and similarly situated employees 1.5 times their regular rate for all hours worked in excess of 40 per week.

92. Defendants deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

93. Defendants deprived Plaintiffs and other similarly situated employees of a lawful minimum wage for all hours worked.

94. Defendants knew or should have known that their actions violated the FLSA.

95. Defendants' conduct and practices, as described above, were willful.

96. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

97. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

98. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.  THIRD CLAIM FOR RELIEF
**(Individual Claims for Violation of A.R.S. § 23-363)**

99. Plaintiffs assert this claim for damages and declaratory relief pursuant to A.R.S. § 23-363.

100. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of A.R.S. § 23-363.

101. A.R.S. § 23-363 requires employers to pay all employees a lawful minimum wage ($10.50/hr after January of 2018, $11/hr after January of 2019 and $12/hr after January of 2020).

102. Defendants deprived Plaintiffs of a lawful minimum wage for all hours worked.

103. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

104. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary and liquidated damages and costs, including reasonable attorney's fees for all violations which occurred in the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

### IX. FOURTH CLAIM FOR RELIEF
**(Individual Claims for Violation of A.R.S. § 23-353)**

105. Plaintiffs assert this claim for damages and declaratory relief pursuant to A.R.S. § 23-363.

106. At all relevant times, Defendants were Plaintiffs' "employers" within the meaning of A.R.S. § 23-350.

107. A.R.S. § 23-353 requires employers to pay discharged employees wages due within seven working days or the end of the next regular pay period, whichever is sooner, or if the employee quits then the employer is required to pay him no later than his regular pay day.

108. Defendants failed to pay Plaintiffs their wages due within the time period proscribed by A.R.S. § 23-353.

109. Employers who violate A.R.S. § 23-353 are liable to their employees in a civil action for treble the amount of unpaid wages. *See* A.R.S. § 23-355.

110. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

111. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary and liquidated damages and costs, including reasonable attorney's fees.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate and Randi Pitts. each individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the Arizona wage statutes, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the Arizona wage statutes, and their related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the Arizona wage statutes, and their related regulations;

E.      An order directing Defendants to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

DATED this 8th day of September, 2022.

Courtney Lowery
Ariz. Bar No. 036888
courtney@sanfordlawfirm.com