Sean Short (Ark. Bar No. 2015079)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 500-9744
sean@sanfordlawfirm.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate and Randi Pitts, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Tri City Transport, LLC, SWWOOP, LLC, and Michael Butler,<br><br>Defendants. | NO. 2:22-cv-1513-SMM<br><br>**MOTION FOR DEFAULT JUDGMENT** |

Plaintiffs Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate and Randi Pitts, each individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorney Sean Short of Sanford Law Firm, PLLC, for their Motion for Default Judgment, do hereby state and allege as follows:

1. Plaintiffs seek a default judgment against Defendants Tri City Transport, LLC, SWWOOP, LLC, and Michael Butler (collectively, "Defendant" or

"Defendants"), in the amount of $338,736.89, including $112,912.30 in back pay plus attorney's fees and costs. *See* Declarations of Todd Heichel, Rudy Castro, Justin Garmendia, Shavale Evison, Roscoe Butterfield, Karly Hernandez, Domingo Limon, Cassidy Dorius, and Billy Durbin, attached hereto as Exhibits 1-9, respectively.

2. Plaintiffs seek a default judgment against Defendants in the amount of $20,053.10 for attorneys' fees and costs. *See* Declaration of Josh Sanford, attached hereto as Exhibit 10.

3. Plaintiffs filed their Original Complaint—Collective Action against Defendants on September 8, 2022. *See* ECF No. 1.

4. Plaintiffs served Defendant Tri City Transport, LLC, and Defendant SWWOOP, LLC with the Complaint and Summons via Certified Mail on June 13, 2023. *See* ECF No. 30.

5. Plaintiffs served Defendant Michael Butler by publication, which ran consecutively during the weeks of November 17, 2023, November 24, 2023, December 1, 2023, and December 8, 2023. *See* ECF No. 42.

6. Defendants' deadline for filing and serving an Answer or Motion to Dismiss has passed.

7. Defendants have not filed or served an Answer or Motion to Dismiss in accordance with Fed. R. Civ. P. 12(a)(1). *See* ECF No. 30; *see also* Declaration of Samuel Brown ¶ 4, ECF No. 42-1.

8. No extension for filing or serving a proper Answer or Motion to Dismiss has been granted. *Id*. at ¶ 5; *see* ECF No. 30.

9. Defendant Tri City, LLC and Defendant SWWOOP, LLC, are not natural persons, therefore they cannot be in active military service.

10. Defendant Michael Butler is not in military service, so 50 U.S.C. § 3931 is no bar to entry of a default judgment against ant Defendant. *See* Declaration of Samuel Brown ¶ 6, ECF No. 42-1.

11. On August 2, 2023, the clerk entered default regarding Defendants Tri City Transport, LLC, and SWWOOP LLC pursuant to Rule 55 of the FRCP. ECF No. 32.

12. On February 23, 2024, the clerk entered default regarding Defendant Michael Butler pursuant to Rule 55 of the FRCP. ECF No. 43.

13. Plaintiffs are entitled to Judgment by default against Defendants based on the claims set forth in their Complaint, which alleged:

 a. Defendant Michael Butler owns and operates Tri City Transport, LLC, and SWWOOP, LLC, a unified operation in which the revenue generated from Tri City Transport, LLC and SWWOOP, LLC are merged, managed, controlled, and operating as a single enterprise in Arizona. ECF No. 1, at ¶¶ 12-21.

 b. Defendants are subject to the FLSA because their annual gross volume of sales made or business done is at least $500,000.00, and it has at least two employees

who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. *Id.* at ¶¶ 24, 25.

    c.    Defendant Michael Butler took an active role in operating Tri City Transport, LLC, and SWWOOP, LLC, and in the management thereof. *Id.* at ¶ 23.

    d.    Defendant Michael Butler in his role as an operating employer of Tri City Transport, LLC, and SWWOOP, LLC, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined Plaintiffs' work schedules, and made decisions regarding Plaintiffs' pay, or lack thereof. *Id.* at ¶ 22.

    e.    Defendant Michael Butler, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedules, pay policies, and the day-to-day job duties that Plaintiffs' jobs entailed. *Id.* at ¶ 22.

    f.    Defendant employed Plaintiff Heichel from March 2022 until April 2022. *Id.* at ¶ 28.

    g.    Defendant employed Plaintiff Castro from May 2022 until July 2022. *Id.* at ¶ 29.

    h.    Defendant employed Plaintiff Garmendia from May 2022 until June 2022. *Id.* at ¶ 30.

    i.    Defendant employed Plaintiff Holgate from August or September 2021 until November 2022. *Id.* at ¶ 31.

    j.    Defendant employed Plaintiff Pitts during the month of August 2022. *Id.* at ¶ 32.

      k.      Plaintiffs were employed as "Drivers" and paid per mile driven. *Id.* at ¶ 34.

      l.      Defendant misclassified Plaintiffs as independent contractors exempt from the provisions of the FLSA and Plaintiffs were not paid an hourly or salary wage. *Id.* at ¶¶ 23, 36.

      m.      Plaintiffs regularly or occasionally worked more than 40 hours per week. *Id.* at ¶ 59.

      n.      Defendant did not pay Plaintiffs an overtime premium for hours worked over 40 in a week. *Id.* at ¶ 60.

      o.      In some weeks, Plaintiffs worked so many hours that their constructive hourly rate fell below both the federal and state statutory minimum. *Id.* at ¶ 61.

      p.      The per-mile pay Plaintiffs received did not include reimbursement for mileage expenses at the IRS standard business mileage rate, therefore Plaintiffs "kicked back" that amount to Defendants, creating additional minimum wage and overtime violations. *Id.* at ¶ 62.

      q.      Defendant did not pay Plaintiffs all wages due when their employments were terminated, nor within 7 days thereafter. *Id.* at ¶ 66.

      r.      Defendant willfully violated the provisions of 29 U.S.C. §§ 206 and 207, by employing individuals engaged in commerce at an hourly rate less than the federal minimum wage, by failing to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) in a week. *Id.* at ¶¶ 76-86.

   s. Defendant willfully violated the provisions of A.R.S. § 23-363 for failure to pay Plaintiffs a sufficient minimum wage under Arizona state law. *Id*. at ¶¶ 99-104.

   t. Defendant violated the provisions of the A.R.S. § 23-353 by failing to pay Plaintiffs, all wages and final compensation due upon termination of their employment. *Id*. at ¶¶ 105-111.

  14. With this Motion, Plaintiffs submit the following exhibits: Declarations of Todd Heichel, Rudy Castro, Justin Garmendia, Shavale Evison, Roscoe Butterfield, Karly Hernandez, Domingo Limon, Cassidy Dorius, and Billy Durbin (Exhibits 1-9, respectively); Declaration of Josh Sanford (Exhibit 10); Billing Spreadsheet (Exhibit 11); and Costs Invoice (Exhibit 12). Plaintiffs also file herewith and incorporate herein a Brief in Support of Motion for Default Judgment.

  WHEREFORE, premises considered, Plaintiffs respectfully request that this Court grant this Motion in full; find that Defendant violated the provisions of the Fair Labor Standards Act as alleged in Plaintiffs' Complaint; enter a default judgment against Defendant in the amount of $338,736.89; award Plaintiffs' counsel $20,053.10 for attorney's fees and costs; and for all other good and proper relief to which Plaintiffs may be entitled, whether or not specifically requested herein.

1   DATED this 6th day of September 2024.

2   SANFORD LAW FIRM, PLLC

3   By: s/ *Sean Short*
    Sean Short
    10800 Financial Centre Pkwy, Ste. 510
4   Little Rock, AR  72211

5   *Attorney for Plaintiffs*