1  Samuel Brown (Ark. Bar No. 2020210)
Sanford Law Firm, PLLC

2  Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510

3  Little Rock, Arkansas 72211
(501) 500-9744

4  samuel@sanfordlawfirm.com

5  Attorney for Plaintiffs

6        IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF ARIZONA

7                 PHOENIX DIVISION

8

Todd Heichel, Rudy Castro, Justin          NO. 2:22-cv-1513-PHX-SMM

9  Garmendia, Joshua Holgate and Randi
Pitts, Each Individually and on Behalf of

10  All Others Similarly Situated,

                                            **DECLARATION OF ATTORNEY**
11                        Plaintiffs,       **JOSH SANFORD**

12             v.

13  Tri City Transport, LLC, SWWOOP,
LLC, and Michael Butler,

14
                         Defendants.

15

16        Pursuant to 28 U.S.C. § 1746, Josh Sanford declares, subject to the penalties for

17  perjury, as follows:

18        1.      My name is Josh Sanford, and I am over the age of 18 and duly qualified

19  to execute this Declaration and to swear to the accuracy of the facts herein contained.

20        2.      I am an attorney licensed and in good standing in the State of Arkansas. I

21  practice law with the law firm of Sanford Law Firm, PLLC (hereinafter "Sanford Law

22

1    Firm"), which is located in Little Rock, Arkansas, which I founded in Russellville in

2    2001. I opened an office in Little Rock in 2009 and now predominantly practice in the

3    Arkansas District Courts, together with a busy Western District of Texas practice. We

4    have had eight offices throughout the U.S., and we have had attorneys living and

5    working in five states.

6        3.      I practice law full-time, and I manage the other attorneys in the Sanford

7    Law Firm. *See* "Team," Sanford Law Firm, https://www.sanfordlawfirm.com/team/

8    (last viewed 14 June 2022).

9        4.      Sanford Law Firm has been recognized as being the premier prosecutor of

10   wage theft violation cases in all federal courts across the United States.

11   https://unicourt.com/blog/us-district-courts-labor-litigation-2020/ (last visited 2 July

12   2021).

13       5.      In the course of my law practice, I engage in a significant amount of wage

14   and hour litigation—specifically cases arising under the Fair Labor Standards Act

15   (FLSA) and the comparable Arkansas Minimum Wage Act (AMWA).  A significant

16   portion of my caseload is in various federal courts around the United States, including

17   trial work in cases arising under Title VII of the Civil Rights Act of 1964, the Equal Pay

18   Act, the FLSA, and the Family and Medical Leave Act.

19       6.      I am licensed to practice law in all state and federal courts in the States of

20   Arkansas, Colorado, and Texas. I am also actively engaged in appellate practice.  I have

21   handled cases before almost all county Circuit Courts in the Central and River Valley

22

1    regions of Arkansas, the United States District Courts for the Eastern and Western

2    Districts of Arkansas, the United States District Courts for the Eastern, Southern,

3    Northern and Western Districts of Texas, United States District Court for the Northern

4    District of Oklahoma, United States District Court for the Southern District of Ohio, the

5    United States District Court for the District of Colorado, the United States District Court

6    for the Eastern District of Michigan, the District Court of Nebraska, the United States

7    District Court for the District of Oregon, and the Fifth, Sixth and Eighth Circuit Courts

8    of Appeals—as well as several other district courts.

9         7.      There is no group of attorneys within 600 miles of Little Rock who have

10   experience comparable to Sanford Law Firm in wage litigation.   Including cases

11   currently being prosecuted throughout the country today, Sanford Law Firm has

12   prosecuted over 1,300 wage cases in federal and state courts and in arbitration

13   proceedings.  In 2018, only one firm in the United States initiated more wage violation

14   prosecutions than Sanford Law Firm. In 2020, as noted above, Sanford Law Firm ranked

15   first.

16        8.      In 2005, I was voted "Best Attorney" (tie) in a readers' poll published by

17   *The Courier* in Russellville, Arkansas. Subsequently, in 2008, I served as the President

18   of the Pope County Bar Association. In addition, I am or have been a member of the

19   American, Arkansas, and Pope County Bar Associations, the Arkansas Trial Lawyers

20   Association, and the National Employment Lawyers Association.

21        9.      I have been lead counsel on numerous wage and hour cases filed in United

22

3

1   States District Courts throughout the nation, including the following: *Craig Lyons, et al.*

2   *v. Con Agra*, 4:12-cv-245-JM (E.D. Ark.) (over 790 plaintiffs); *Keyli Cruthis, et al. v.*

3   *Visions, et al.*, 4:12-cv-244-KGB (E.D. Ark.); *James Finley v. Universal Pressure*

4   *Pumping, Inc.*, SA:12-ca-0654-OG (Western District of Texas); *Michael Alexander v.*

5   *Hahn Appliance Center, Inc.*, 12-CV-257-CVE-TWL (N.D. Okla.); *Chad Lochridge, et*

6   *al. v. Lindsey Management, et al.*, 5:12-CV-5047-JLH (W.D. Ark.); *Bill Hollomon, et*

7   *al. v. AT&T Mobility Services, LLC*, 4:11-cv-600-BRW (E.D. Ark.); *Jeffrey Bacon, et*

8   *al. v. Eaton Aeroquip, LLC*, 2:11-cv-14103-GD (E.D. Mich.); *Karen "Kay" Roland v.*

9   *Sharp County Post 336, et al.*, 1:11-CV-85-DPM (E.D. Ark.); *Bennie Watson, et al. v.*

10  *Surf-Frac Wellhead Equipment Company, Inc.*, 4:11-CV-843 (JLH) (E.D. Ark.); *Robert*

11  *Terry, et al. v. City of Ola*, 4:11-cv-11-645 (JLH) (E.D. Ark.); *Donald Bateman, et al.*

12  *v. Frac Tech Services, LLC*, 6:11-cv-708 (E.D. Tex.); *Kalie Brown, et al. v. Barney's*

13  *Barn, Inc., d/b/a/ Peaches Gentlemen's Club*, 4:11-cv-224 (SWW) (E.D. Ark.); *Jason*

14  *Phillips v. Oil Patch Water and Sewer Services, LLC, et al.*, 4:11-cv-776 (JLH) (E.D.

15  Ark.); *David Delock, et al. v. Securitas Security Services USA, et al.*, 4:11-CV-520

16  (DPM) (E.D. Ark.); *Karen Springs, et al. v. First Student, Inc.*, 4:11-CV-00240 (BSM)

17  (E.D. Ark.); *Teramura v. Walgreen Co.*, 5:12-cv-5244-JLH (W.D. Ark.), and many

18  others.

19        10.    I have also been lead counsel on numerous wage and hour cases that

20  resulted in settlements or judgments in favor of my clients including the following: *Coby*

21  *Pearce v. Frac Tech Services, LLC*, No. 4:12-cv-651-JLH (E.D. Ark.); *Nicole Collins v.*

22

1   *Barney's Barn, Inc., et al.*, No. 4:12-cv-685-SWW (E.D. Ark.); *Joseph Gauthier, et al.*

2   *v. Trican Well Service, L.P.*, No. 6:13-cv-46-LED (E.D. Tex.); *Jason Roche, et al. v. S-*

3   *3 Pump Service, Inc.*, No. 5:15-cv-268-XR (W.D. Tex.); *Kristen Whitworth, et al. v.*

4   *French Quarter Partners, LLC*, No. 6:13-cv-6003-RTD (W.D. Ark.); *Robert Terry v.*

5   *Yell County Ark.*, No. 4:13-cv-408-SWW (E.D. Ark.); *Jessica Guinn v. D J Trucking*,

6   No. 4:13-cv-559-KGB (E.D. Ark.); *Maria Romero de Lopez, et al. v. Ozark Mountain*

7   *Poultry, Inc.*, No. 5:13-cv-5272-TLB (W.D. Ark.); *Sean Jordan v. Big E. Foods, Inc.*,

8   No. 4:14-cv-205-BRW (E.D. Ark.); *Patricia Hernandez, et al. v. Simmons Foods, Inc.*,

9   No. 5:14-cv-5159-JLH (W.D. Ark.); *Sean Schneider v. Habitat for Humanity*

10   *International, Inc.*, No. 5:14-cv-5230-TLB (W.D. Ark.); *Pedro Espinoza v. Car-Son*

11   *Construction, LLC*, No. 4:14-cv-467-KGB (E.D. Ark.); *Sheila Lyles v. City of Trumann,*

12   *Ark.*, No. 3:14-cv-210-DPM (E.D. Ark.); and *Kellie McCartney v. Baily and Thompson*

13   *Tax and Accounting, P.A.*, No. 4:14-cv-561-SWW (E.D. Ark.).

14        11.    I have also been lead counsel on several wage and hour cases in which

15   collective actions have been granted including *Sam Adams v. United Cerebral Palsy of*

16   *Central Ark., Inc.*, No. 4:16-cv-930-JLH (E.D. Ark.); *James Harris, et al. v. Express*

17   *Courier International, Inc.*, No. 5:16-cv-5033-TLB (W.D. Ark.); and *Dustin Moore, et*

18   *al. v. Performance Pressure Pumping Services, LLC*, No. 5:15-cv-432-XR (W.D. Tex.),

19   and dozens of others.

20        12.    Since January of 2015, Sanford Law Firm has filed and prosecuted over

21   1,100 distinct wage lawsuits throughout Arkansas and Texas. We have also filed cases

22

5

1  in Ohio, Kentucky, Tennessee, North Carolina, South Carolina, Florida, Georgia,

2  Alabama, Mississippi, Louisiana, Missouri, and Illinois.  Many of these lawsuits are or

3  were group or collective actions, as well as several class actions under Rule 23.

4       13.    Collectively, cases filed by the Sanford Law Firm since 2009 have

5  resulted in far more than $13,000,000.00 in settlements and judgments for wage and

6  hour violations for more than three thousand clients across the nation.

7       14.    The National Association of Legal Fee Analysis (NALFA) reports, based

8  on a national survey of more than 2,000 litigators, that the average rate for plaintiffs'

9  attorneys engaged in complex litigation in 2020 was $445.00 per hour. *See* "NALFA

10  Releases 2020 Average Hourly Rates in Litigation," NALFA,

11  http://www.thenalfa.org/blog/nalfa-releases-2020-average-hourly-rates-in-litigation/

12  (last visited 5 April 2021). The hourly rates requested for attorneys, in this case, all fall

13  below the NALFA average with the exception of my hourly rate, which is slightly higher

14  than the NALFA average but is consistent with my qualifications.

15       15.    The rates charged by Sanford Law Firm's attorneys are reasonable. The

16  rates are reflective of the number of years each attorney has practiced, the attorneys'

17  expertise in employment issues such as the FLSA, the contingent nature of an award of

18  fees, and the rates charged by other attorneys specializing in FLSA work. The staff time

19  and hourly rate for the Sanford Law Firm are likewise reasonable and comparable.

20       16.    The Sanford Law Firm's work focuses on representing workers in

21  employment matters, and its lawyers focus their practices in the area of the FLSA and

22

6

1   similar wage-and-hour cases. In the community of attorneys who focus their practice in

2   this area of the law, the Sanford Law Firm has a strong reputation for its quality of work

3   and diligent representation of its clients.

4       17.    The lawyers at the Sanford Law Firm often have opportunities for greater

5   responsibility and experience than many of their peers in the legal community with the

6   same years of experience practicing law. What I mean by this is that because of the

7   management style at the Sanford Law Firm, lesser-experienced attorneys are able to

8   independently manage their own cases with the oversight of more experienced attorneys

9   and are supported by a firm culture of collaboration and accessibility to all Sanford Law

10  Firm attorneys. Lesser-experienced attorneys with Sanford Law Firm find themselves

11  effectively navigating litigation with far more experienced opposing counsel, as well as

12  successfully taking on far more responsibility than many of their peers of equal

13  experience at other law firms.

14      18.    Due to this culture of personal responsibility, conferences between

15  attorneys of differing levels of experience ensure that less experienced attorneys receive

16  the benefits of the skills and knowledge of more experienced attorneys.

17      19.    Sanford Law Firm represented Plaintiff in this case on a contingency basis

18  and paid all out-of-pocket costs, including filing and service fees, copying costs, and

19  other such expenses without any assurances that fees or costs would be recovered. The

20  "contingency" fee award sought by Sanford Law Firm is not a contingency fee in the

21  traditional sense whereby an attorney takes a portion of the plaintiff's recovery. Rather,

22

7

1  Sanford Law Firm relies on the fee-shifting provisions of the FLSA to recover their fees

2  in this case.

3      20.    Not only is there no guarantee that any fees and costs will be recovered in

4  a contingency fee case, but any recovery made will be delayed as compared to clients

5  who make up-front or monthly payments as litigation proceeds. In contingency fee

6  cases, an attorney is not paid for months or even years, depending on how long it takes

7  for litigation to conclude.

8      21.    This type of work is time-consuming and rigorous, and the amount of time

9  spent by our firm at each step in this case is reasonable.  It is not uncommon in the course

10  of my practice for clients with similar cases to incur attorney's fees that are as much as

11  or more than those in this case.

12      22.    With these matters in mind, I reviewed the hourly rates for the attorneys

13  and staff that the Sanford Law Firm is seeking in this case.

14      23.    Based on my experience and knowledge, it is my opinion that these hourly

15  rates are reasonable given the attorneys' skills, expertise, and reputations, and they are

16  within the range of rates awarded to attorneys with similar backgrounds and experience.

17      24.    The request for attorney's fees and costs is based upon contemporaneous

18  time and expense records maintained by Sanford Law Firm as a matter of ordinary and

19  customary business practice. The time and billing records identify the amount of time

20  expended, the tasks performed, the rate of the particular timekeeper involved, and the

21  costs incurred. A true and accurate copy of a spreadsheet reflecting relevant legal

22

1   services rendered and time expended on this case through September 5, 2024, is attached

2   to Plaintiffs' Motion for Default Judgment as Exhibit 11 (hereinafter "Billing

3   Spreadsheet").

4         25.      Each task reflected in the attached Billing Spreadsheet was necessary to

5   the successful resolution of this matter; the hours expended were actually expended on

6   the topics stated; the time spent on each task was reasonable; and the rates claimed are

7   also reasonable.

8         26.      Conferences between the attorneys of the Sanford Law Firm, as well as

9   between attorneys and staff of the Sanford Law Firm, are critical to the success of cases

10  like this one because they improve the efficiency and quality of attorney work. Tasks

11  can be delegated to Sanford Law Firm attorneys who are more experienced in certain

12  types of projects or topics to increase the speed, accuracy or quality for accomplishing

13  the task, or to attorneys whose hourly rates are lower to keep costs down, especially

14  where the speed at which a task can be accomplished will be largely the same regardless

15  of who performs the task. In the case of collective actions, in-house conferences allow

16  attorneys to share the load of multi-plaintiff litigation.

17        27.      Attorney conferences also increase efficiency because they allow

18  attorneys to share their specific legal knowledge of particular topics, thereby preventing

19  an attorney who is working on a project from having to spend time doing the research,

20  creating a new legal form, or otherwise "re-inventing the wheel." In this way, even less

21  experienced attorneys are able to work more efficiently and with greater quality than

22

9

1    other attorneys of comparable experience. In fact, this "communal" knowledge benefits

2    even more experienced attorneys who may be assisted by a less experienced attorney

3    who simply has a particular skill set or knowledge of a topic that can be quickly shared

4    through communication.

5         28.    Because of Sanford Law Firm's collective knowledge of and experience

6    in FLSA work and use of attorney collaboration, Plaintiff's counsel was able to complete

7    tasks efficiently, which served to keep billing lower than it would have been without

8    that knowledge, experience, and collaboration.

9         29.    Attorney-client communication is also critical to the success of Sanford

10   Law Firm cases. First, all communication from clients is important. In my experience,

11   when a client feels he or she is being ignored by attorneys, that reduces the level of trust

12   between the client and the attorney, which damages the attorney-client relationship.

13   This, in turn, makes quality representation of the client extremely difficult and reduces

14   efficiency. Further, attorneys must trust that their clients are reliable and accessible.

15   Approaching deadlines, settlement conferences, and other issues in a case often demand

16   immediate client response, so a healthy attorney-client relationship is a necessary part

17   of the litigation process.

18        30.    In order to protect the attorney-client relationship and privilege, entries in

19   the Billing Spreadsheet that reveal the substance of conversations with clients or are

20   otherwise privileged have the substantive portions removed and replaced with the phrase

21   "PRIVILEGED INFORMATION." However, the replaced language has been preserved

22

1  and can be produced for in-camera review if this Court believes that such a review is

2  necessary in order to award fees related to these entries.

3      31.  One of Sanford Law Firm's strengths is its array of attorneys with

4  specialized knowledge or particular areas of expertise that can participate in cases where

5  their unique skill sets are appropriately utilized. Not every attorney has to know

6  everything about the FLSA, damages calculations, negotiation strategy, settlement

7  agreements, or other aspects of litigation because every Sanford Law Firm attorney has

8  access to all of the other Sanford Law Firm attorneys and their collective knowledge.

9  This saves time because individual attorneys can gain knowledge through brief

10  conversations with other attorneys rather than through time-consuming legal research

11  on an issue. Even where legal research is required, the focus of that research can often

12  be narrowed through consultation with other attorneys.

13      32.  Where appropriate, Sanford Law Firm attorneys also delegate work to

14  paralegals, law clerks and staff. The hourly rates charged for Sanford Law Firm's

15  paralegals, law clerks and staff are reasonable. *See e.g.*, *Haywood v. Wexford Health*

16  *Sources, Inc.*, No. 16 CV 3566, 2021 U.S. Dist. LEXIS 104363, at *40 (N.D. Ill. June

17  3, 2021) ("Finally, the Court finds that $125 per hour is a reasonable rate for paralegal

18  work in this District."). The work performed by support staff members, in this case, was

19  necessary to the litigation and the time spent on those tasks was reasonable.

20      33.  The total overall billing reflected in the Billing Spreadsheet is $18,740.75.

21      34.  In addition, court costs and recoverable expenses were also incurred in this

22

1  matter. These costs, totaling $1,312.35, are included in the Costs Invoice is attached to

2  Plaintiffs' Motion for Default Judgment as Exhibit 12. The costs and expenses detailed

3  in the Invoice that have been advanced by the Sanford Law Firm on behalf of Plaintiff, and

4  which Plaintiff is contractually obligated to reimburse Sanford Law Firm out of any

5  recovery in this case.

6       35.    The amount of the costs requested is correct. The costs stated were

7  necessarily incurred during the case, the services giving rise to the costs were actually

8  and necessarily performed.

9       36.    In sum, the total amount of fees and costs requested is $20,053.10

10  **PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF**

11  **PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THE FOREGOING IS TRUE AND CORRECT.**

12  Executed on this 6th day September 2024.

13                              /s/ Josh Sanford
                              **JOSH SANFORD**

14

15

16

17

18

19

20

21

22