1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Todd Heichel, et al.,                    No. CV-22-01513-PHX-SMM

10                    Plaintiffs,              **ORDER**

11    v.

12    Tri City Transport LLC, et al.,

13                    Defendants.

14

15          Before the Court is Plaintiffs' Motion for Default Judgement. (Doc. 49).

16    Additionally, before the Court is Plaintiffs' Brief for their Motion. (Doc. 50). For the

17    reasons stated below, the Court grants in-part, and denies in-part the Motion.

18    **I.       BACKGROUND**

19          Plaintiffs, Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate, and

20    Randi Pitts, bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201

21    ("FLSA"), the Arizona Wage Act, A.R.S. § 23-353 ("AWA"), and the Arizona Minimum

22    Wage Act, A.R.S. § 23-363 ("AMWA") against Defendants Tri City Transport LLC ("Tri

23    City"), Swwoop LLC ("Swwoop"), and Michael Butler for Defendants failure to pay

24    sufficient minimum wages and overtime wages. The Complaint alleges that Defendants Tri

25    City and Swwoop are both domestic limited liability companies. (Doc. 1 at ¶¶ 12, 14). The

26    Complaint goes on to allege that the revenue generated by the two companies was merged

27    and managed in a unified manner, with the Defendants operating as a single enterprise.

28    Defendant Butler was the operating employer. (Id. at ¶¶18-21).

          Defendants employed the Plaintiffs and paid them per mile driven. (Id. at ¶ 19).

Defendants are alleged to have failed to pay Plaintiffs a rate at or close to minimum wage per hour work, failed to reimburse Plaintiffs for mileage expenses at the standard IRS business mileage rate, and failed to pay overtime rates of one and one-half times their regular rate for all hours worked over forty in a week. (Id. at ¶¶ 34,40-53, and 62).

Plaintiffs filed a Notice to join in a collective action for several parties: Cassidy Dorius, Robin Pulis, Courney Haddo, Roscoe Butterfiled, Billy Durbin, Karly Hernandez, Domingo Limon, Shavale James Evison, Isabel Van Der Renst, and Pete Young. (Docs. 7; 14; 17; 18; 19; 20; 21; 24; 27; 31).

On August 2, 2023, the Clerk of the Court entered default as to Defendants Swwoop LLC and Tri City Transport LLC, pursuant to Fed. R. Civ. P. 55(a). On February 2, 2024, the Clerk of the Court entered default as to Defendant Michael Butler, pursuant to Fed. R. Civ. P. 55(a).

## II.    LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court must enter a party's default "[w]hen a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise." Once a party has been found to be in default, the Court may, on plaintiff's motion, enter a default judgement. Fed. R. Civ. P. 55(b). In determining whether to grant a default judgement, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to damages, will be taken as true." TeleVideo Sys. Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Rule 55 does not require the entry of judgment against a defaulting party; the entry of a judgment by default is completely within the Court's discretion. See, e.g., DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007); Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgments are disfavored because public policy favors the resolution of civil cases on their merits. NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016).

A defendant's default acts as their admission of the complaint's well-pleaded allegations of fact. See DIRECTV, Inc., 503 F.3d at 854; Cripps v. Life Ins. Co., 980 F.2d

1261, 1267 (9th Cir. 1992). However, facts necessary to establish each element of the cause of action stated in the complaint that are not themselves stated in the complaint, as well as claims that are legally insufficient, are not established by a defendant's default. See DIRECTV, Inc., 503 F.3d at 854.

## III.    DISCUSSION

As Plaintiffs have not answered or otherwise appeared in this action, Plaintiff requests that the Court enter a default judgment against Defendants in the amount of Plaintiffs' unpaid minimum wages and overtime wages in addition to liquidated damages as permitted by the FLSA, the AWA, and the AMWA. See 29 U.S.C. § 216(b); see also A.R.S. § 23-355(A); see also A.R.S. § 23-364(G). The factors considered by the Court in deciding whether to grant a monetary default judgment, as delineated by the Ninth Circuit in Eitel v. McCool, are: 1) the possibility of prejudice to the Plaintiff, 2) the merits of the claims, 3) the sufficiency of the complaint, 4) the amount of money at stake, if any, 5) the possibility of dispute concerning material facts, 6) whether default was due to excusable neglect, and 7) the policy favoring a decision on the merits. 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### A.  Collective Action

First, the Court discusses the asserted Collective Action under the FLSA. Plaintiffs filed a Notice to join as parties in a collective action for several persons: Cassidy Dorius, Robin Pulis, Courney Haddo, Rosacoe Butterfiled, Billy Durbin, Karly Hernandez, Domingo Limon, Shavale James Evison, Isabel Van Der Renst, and Pete Young. (Docs. 7; 14; 17; 18; 19; 20; 21; 24; 27; 31). However, Plaintiffs did not move the Court to allow the Court to consider whether it is proper to include these additional parties in the Default Judgment before it. See Wilkerson v. Walgreens Specialty Pharmacy LLC, 637 F. Supp. 3d 718 (D. Ariz. 2022); Colson v. Avnet, Inc., 687 F. Supp. 2d 914, 929-30 (D. Ariz. 2010) ("[a]lthough the burden for certifying a FLSA lawsuit for collective action notification is light, there are limits, and the district court cannot function as a rubber stamp for any and all claims that come its way under this statute."). Accordingly, the Court will deny, without prejudice, the Default Judgment, as to all parties other than the named Plaintiffs in the

original Complaint. (Doc. 1). Plaintiffs may file a Motion with the Court requesting that these additional parties be included as collective action plaintiffs, and if the Court grants that request, move for default judgment as to these additional parties.

**B. Eitel Factors**

**1. The Possibility of Prejudice to the Plaintiff**

The Court finds that Plaintiffs will be prejudiced if default judgment is denied. Defendants have not appeared in this matter or defended themselves. Denial of default judgment will cause Plaintiffs to incur additional attorney fees and delay in resolving Plaintiffs' claims, and Plaintiffs may be without recourse for recovery of Plaintiffs' owed wages. See Zekelman Indus. Inc. v. Marker, 2020 WL 1495210, at *3 (D. Ariz.  2020). Accordingly, the first Eitel factor favors default judgment.

**2. The Merits of the Claims and Sufficiency of the Complaint**

**a. FLSA Claim**

The FLSA provides that a covered employer shall not employ any employee "for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA provides a remedy for employees who have not been paid overtime compensation, and states that an employer who violates § 207 "shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The Complaint alleges that Defendants are a covered employer, Defendants misclassified Plaintiffs as exempt from the requirements of the FLSA, and Defendants failed to pay Plaintiffs both a lawful minimum wage for all hours worked, and one and half (1.5) times their regular rate for all hours worked in excess of forty (40) hours per week. (Doc. 1 at 11-12). Additionally, the Complaint asserts that Defendants did not act in good faith or with reasonable grounds to believe their actions and omissions were not in violation of FLSA. (Id. at 12).

Taking the factual allegations in the complaint as true, the Court finds that Plaintiffs'

Complaint contains sufficient factual information to make out a plausible claim for relief under the FLSA. TeleVideo Sys. v. Heidenthal, Inc., 826 F.2d 915, 917-918 (9th Cir. 1987).

### b. AWA Claim

Under the Arizona Fair Wages Act "if an employer ... fails to pay wages due to an employee, the employee may recover in a civil action against an employer ... an amount that is treble the amount of unpaid wages." Ariz. Rev. Stat. § 23-355(A).

The Complaint alleges that Defendants failed to pay Plaintiffs their wages within the time period prescribed by A.R.S. §23-353. (Doc. 1 at 15). Taking the factual allegations in the complaint as true, the Court finds that Plaintiffs' Complaint contains sufficient factual information to make out a plausible claim for relief under the AWA. TeleVideo Sys, 826 F.2d at 917-918.

### c. AMWA Claim

The AMWA requires that employers pay employees a certain hourly wage. A.R.S. § 23-363. As penalty for failing to pay at least the appropriate minimum wage, the AMWA provides for recovery of not only the unpaid wage but also "an additional amount equal to twice the underpaid wages." Id. at 364.

The Complaint alleges that Defendants failed to pay named Plaintiffs the lawful minimum wage for all hours worked. (Doc. 1 at 14-15). Taking the factual allegations in the complaint as true, the Court finds that Plaintiffs' Complaint contains sufficient factual information to make out a plausible claim for relief under the AMWA. TeleVideo Sys, 826 F.2d at 917-918.

### 3. The Amount of Money at Stake

Under the third Eitel factor, the Court considers the amount of money at stake. Default judgment is disfavored if the amount of money at stake is inappropriate or disproportionate to the claims. Gemmel v. Systemhouse, Inc., 2008 WL 65604, at *4 (D. Ariz. 2008). Plaintiff seeks $338,736.89 in total, but because the Court will not consider Plaintiffs Holgate or Pitts requests for damages or the opt-in Plaintiffs request for damages, the amount is reduced to $95,270.70, as explained in further detail below. The requested

damages are set by statute, and Defendants' violation of state and federal labor law is serious enough to justify a default judgment in this amount. <u>See</u> <u>Tolano v. El Rio Bakery</u>, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *5 (D. Ariz. 2019).

**4.  The Possibility of Dispute Concerning Material Facts**

In light of the sufficiency of the complaint and Defendants' default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." <u>Tejeda v. Bos. Mkt. Corp.</u>, No. CV-23-01497-PHX-JJT, 2023 WL 8810927, at *3 (D. Ariz. 2023), citing <u>PepsiCo, Inc. v. California Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor weighs in favor of default judgment.

**5.  Whether Default was Due to Excusable Neglect**

There is no indication that Defendants' default in this action was due to excusable neglect, and so this factor weighs in favor of default judgment.

**6.  The Policy Favoring a Decision on the Merits**

The final <u>Eitel</u> factor always weighs against an entry of default because default judgments are generally disfavored. However, this factor alone is insufficient to prevent an entry of default judgment against a defaulting defendant. <u>Warner Bros. Entm't Inc. v. Caridi</u>, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004). The Court is unable to render a decision on the merits because Defendants have failed to answer or otherwise defend this action.

Accordingly, the Court finds that the majority of the <u>Eitel</u> factors support an entry of default judgment against Defendants and proceeds to consider the damages to which Plaintiff is entitled.

**C.  Damages**

The AWA provides that if an employer fails to pay wages to an employee, the employee may recover against the employer "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A). Under the AMWA, an employer who fails to pay an employee the state minimum wage is required to pay those wages "and an additional amount equal to twice the underpaid wages." A.R.S. § 23-364. Under the FLSA, an employee may recover double damages for unpaid time. 29 U.S.C. § 216(b). The Court

need not simply accept the amount of damages Plaintiff requests in granting default judgment. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Instead, there must be some evidentiary basis for the damages sought by Plaintiff. See Avila v. JBL Cleaning Servs. LLC, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *5 (D. Ariz. 2024). The Court may, however, enter default judgment without a damages hearing where, as here, "the amount claimed is a liquidated sum or capable of mathematical calculation." Million v. Pindernation Holdings LLC, No. CV-23-00072-PHX-MTL, 2023 WL 2813684, at *5 (D. Ariz. 2023); see also, Elektra Ent. Grp., Inc. v. Bryant, No. CV 03-6381GAF(JTLX), 2024 WL 783123, at *2 (C.D. Cal. 2004) (explaining that the plaintiff's "burden in 'proving up' damages is relatively lenient" and the "court can rely on the declarations submitted by the plaintiff"). Additionally, the Court will grant damages as requested for the IRS standard deductions for mileage, as it is included in the amount of wages that Plaintiffs are owed. *IRS issues standard mileage rates for 2022*, IRS, https://www.irs.gov/newsroom/irs-issues-standard-mileage-rates-for-2022 (December 17, 2022) (setting the standard mileage rates at 58.5 cents per mile driven for business use).

The Court will grant damages as follows:

Plaintiff Heichel claims damages under the AWA, the AMWA, and the FLSA, including the FLSA's overtime provision. (Doc. 49 Exhibit 1).[1] Plaintiff Heichel's Declaration states that he worked six weeks between March and April of 2022. Over those 6 weeks, he worked approximately 72 hours a week. The first five weeks, he was paid $500 a week, and the final week he was not paid. Plaintiff Heichel worked 240 hours of non-overtime work, which entitled him to $3,072, based on the Arizona minimum wage of $12.80 in 2022. However, Plaintiff Heichel's Declaration does not claim minimum wage damages for the first week, reducing the amount he is entitled to $2,560. Plaintiff Heichel worked 192 hours of overtime work, which entitled him to $3,6860.40, at a rate of 1.5 times the minimum wage. Additionally, Plaintiff Heichel states he was not reimbursed for

---

[1] The Court finds that the math in Plaintiff Heichel's Declaration is incorrect, but the Court is able to determine the correct amount of damages based on the statements made in the declarations.

actual expenses and was not reimbursed at the IRS standard business mileage rate for the miles he drove. The Declaration approximates that Plaintiff Heichel drove 1872 miles a week, for a total of 9,360 miles over the first five weeks, and 2734 miles during the final week, for a total of 12,094 miles. At the IRS reimbursement rate of $0.585 per mile drive, Plaintiff Heichel is entitled to $7,074.

Therefore, in total, Plaintiff Heichel was entitled to $13,320. He was paid $2,500, creating damages of $10,820. Plaintiff Heichel is entitled to treble damages. See Salgado v. Flowers Foods Inc., No. CV-22-00420-TUC-JGZ, 2023 WL 5348573 (D. Ariz. 2023). Therefore, Plaintiff Heichel will be awarded $32,461.20 of damages.

Plaintiff Castro claims damages under the AWA, the AMWA, and the FLSA, including the FLSA's overtime provision. (Doc. 49 at Exhibit 2). Plaintiff Castros' Declaration states that he worked for nine weeks between May and the start of July of 2022. Over those weeks, Plaintiff Castro worked approximately 60 hours a week. Plaintiff Castro was never paid by Defendants. Plaintiff Castro worked 360 hours of non-overtime work, which entitled him to $4,608, based on the Arizona minimum wage of $12.80 in 2022. Plaintiff Castro worked 180 hours of overtime work, which entitled him to $3,456, at a rate of 1.5 times the minimum wage. Additionally, Plaintiff Castros states he was not reimbursed for actual expenses and was not reimbursed at the IRS standard business mileage rate for the miles he drove. The Declaration approximates that Plaintiff Castro drove 500 miles a week, for a total of 4,5000 miles over the nine weeks. At the IRS reimbursement rate of $0.585 per mile drive, Plaintiff Castro is entitled to $2,632.50.

Therefore, in total, Plaintiff Castro was entitled to $10,696.50. Plaintiff Castro is entitled to treble damages. Therefore, Plaintiff Castro will be awarded $32,089.50 in damages.

Plaintiff Garmendia claims damages under the AWA, the AMWA, and the FLSA, including the FLSA's overtime provision. (Doc. 49 at Exhibit 3). Plaintiff Garmendia's Declaration states that he worked for eight weeks between April and June of 2022. Over those weeks, Plaintiff Garmendia worked approximately 80 hours a week. Plaintiff Castro was never paid by Defendants. Plaintiff Garmendia worked 320 hours of non-overtime

work, which entitled him to $4,096, based on the Arizona minimum wage of $12.80 in 2022. Plaintiff Garmendia worked 320 hours of overtime work, which entitled him to $6,144, at a rate of 1.5 times the minimum wage. Plaintiff Garmendia does not request any kickback based on the IRS standard deduction for mileage reimbursement.

Therefore, in total, Plaintiff Garmendia was entitled to $10,240. Plaintiff Garmendia is entitled to treble damages. Therefore, Plaintiff Garmendia will be awarded $30,720 in damages.

Plaintiff Holgate and Plaintiff Pitts also claim damages under the AWA, the AMWA, and the FLSA, including the FLSA's overtime provision. However, no declaration in support of the hours the individuals worked was provided. The Court has nothing to base a determination of damages on and therefore will deny granting damages to Plaintiff Holgate and Plaintiff Pitts. The Court makes this denial without prejudice.

## IV.    ATTORNEYS FEES

As Plaintiffs' accounting of attorneys' fees incurred in this action include amounts related to the representation of the asserted collective action parties, the Court will deny the request for attorneys' fees, as the Court does not grant default judgment as to these additional parties at this time. The request is denied without prejudice. Plaintiffs may file a separate Motion for Attorneys' Fees based on the Plaintiffs named in the original complaint or file a Motion for Attorneys Fees after the Court rules on Plaintiffs' request to move forward with this case as a collective action, if Plaintiffs choose to take that path.

For good cause shown,

**IT IS ORDERED granting in-part, and denying in-part**, Plaintiffs' Motion for Default Judgment. (Doc. 49).

**IT IS FURTHER ORDERED** that Plaintiff Heichel will be entitled to default judgment in the amount of $32,461.20, for which Defendants Tri City, Swwoop, and Michael Butler shall be liable, jointly and severally.

**IT IS FURTHER ORDERED** that Plaintiff Castro will be entitled to default judgment in the amount of $32,089.50, for which Defendants Tri City, Swwoop, and Michael Butler shall be liable, jointly and severally.

1    **IT IS FURTHER ORDERED** that Plaintiff Garmendia will be entitled to default

2  judgment in the amount of $30,720, for which Defendants Tri City, Swwoop, and Michael

3  Butler shall be liable, jointly and severally.

4    **IT IS FURTHER ORDERED denying** the Motion for Default Judgment as to the

5  opt-in Plaintiffs, without prejudice.

6    **IT IS FURTHER ORDERED denying** Plaintiffs Holgate and Pitts request for

7  damages, without prejudice.

8    **IT IS FURTHER ORDERED denying** Plaintiffs' request for attorneys' fees,

9  without prejudice.

10    Dated this 25th day of September, 2025.

11

12

13                                                    Stephen M. McNamee
14                                          Senior United States District Judge