Sean Short (Ark. Bar No. 2015079)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
sean@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate and Randi Pitts, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Tri City Transport, LLC, SWWOOP, LLC, and Michael Butler,<br><br>Defendants. | NO. 2:22-cv-1513-PHX-SMM<br><br>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR INCLUSION OF OPT-IN PLAINTIFFS IN DEFAULT JUDGMENT** |

## I.    INTRODUCTION

Plaintiffs Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate and Randi Pitts (collectively "Plaintiffs"), respectfully request that the Court certify a class of similarly situated Drivers employed by Defendants Tri City Transport, LLC, SWWOOP, LLC, and Michael Butler (collectively "Defendants"). Specifically, Plaintiffs request the Court certify a class containing the individuals who have already filed consents to join this lawsuit and include Opt-in Plaintiffs Cassidy Dorius, Robin

Pulis, Courtney Haddo, Roscoe Butterfield, Billy Durbin, Karly Hernandez, Domingo Limon, Shavale James Evison, Isabel Van Der Renst, and Pete Young (collectively "Opt-in Plaintiffs") in the default judgment granted by this Court against Defendants on September 26. *See* ECF No. 51.

## II.    LEGAL STANDARD

In addition to suing on their own behalf, plaintiffs in FLSA cases may obtain certification of a collective if they make a modest factual showing that they are "similarly situated" to other collective members. Section 216(b) of the FLSA states as follows: "An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *See* 29 U.S.C. § 216(b). Such actions are referred to as "collective actions."

A majority of courts have adopted, and the Ninth Circuit has endorsed, a two-tiered approach to certification of collective actions. *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 683 (9th Cir. 2025). *See also Shoults v. G4s Secure Sols. (USA) Inc.*, No. CV-19-02408-PHX-GMS, 2020 U.S. Dist. LEXIS 136147, at *3 (D. Ariz. July 31, 2020) (stating that courts within the Ninth Circuit "generally follow the two-tiered or two-step approach for making a collective action determination."); *Hunter v. Health,* No. 3:18-cv-02219-AC, 2021 U.S. Dist. LEXIS 179148, at *35 (D. Or. Apr. 13, 2021) ("The Ninth Circuit . . . has clearly spoken on the point and essentially endorsed the two-tier analysis.").

This two-tiered approach envisions an initial "conditional certification" for notice purposes early on in a case (known as the "notice stage") and then a second opportunity to evaluate the propriety of certification when a defendant moves for decertification following the close of discovery. The burden for initial certification is "lenient" and may be met by making substantial allegations of class-wide violations. *Thornsbury v. Pet Club LLC*, No. CV-16-01604-PHX-ROS, 2016 WL 11602764, at *2 (D. Ariz. Nov. 22, 2016) (citing *Colson v. Avnet, Inc.,* 687 F. Supp. 2d 914, 925 (D. Ariz. 2010)).

Because of this lenient standard, and because courts do not resolve disputes of fact at this stage, courts regularly grant conditional certification based solely upon a plaintiff's complaint and supporting affidavits. *See, e.g.*, *Lemus v. Burnham Painting & Drywall Corp.*, Case No. 2:06-cv-01158-RCJ-PAL, 2007 U.S. Dist. LEXIS 46785, at *9–10 (D. Nev. June 25, 2007) ("At the first, or notice stage the court usually relies on the pleadings and any affidavits submitted, and applies a lenient standard which typically results in conditional certification of a representative class." (internal quotation marks omitted)).

A plaintiff need only make a modest factual showing that his position is similar to the class members' positions in relevant ways. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1114 (9th Cir. 2018) (noting that where collective members share material factual or legal similarities, "dissimilarities in other respects should not defeat collective treatment"). A plaintiff may satisfy the similarly situated requirement by showing that the plaintiff and putative members were victims of a common decision,

policy, or plan of the employer that affected all class members in a similar fashion. *See id.* at 1102 ("[C]redible allegations of a Department-wide policy should suffice to make the Officers similarly situated.").

At the final certification stage, courts use a standard akin to summary judgment to assess the developed evidence in determining whether the plaintiff has met his or her burden to show similarity to the employees who have opted into the collective. *Campbell*, 903 F.3d at 1109–10 (citing *Sargent v. HG Staffing, LLC*, 171 F.Supp.3d 1063, 1070 (D. Nev. 2016)). Here, because of Defendants' lack of response, Plaintiffs have not had the opportunity to develop evidence through discovery. Accordingly, the Court should apply the lenient standard courts impose at the initial certification stage to certify a class of similarly situated Drivers employed by Defendant based on the record evidence.

"The FLSA leaves no doubt that "every plaintiff who opts in to a collective action has party status." *Campbell*, 903 F.3d at 1104 (quoting *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016)). Opt-in Plaintiffs' actions are deemed "commenced" from the date that their consents to join were filed with the Court. 29 U.S.C. § 256. "From that point on, there is no statutory distinction between the roles or nomenclature assigned to the original and opt-in plaintiffs." Campbell, 903 F.3d at 1104 (citing *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018)). Accordingly, once the Court has certified a class, Opt-in Plaintiffs are deemed joined as party plaintiffs on the date their consents were filed and they may be joined to the default judgment.

## III.    ARGUMENT

Because Plaintiffs can demonstrate that they are similarly situated to Opt-in Plaintiffs, this Court should certify a class of Drivers for the purpose of included Opt-in Plaintiffs in the Court's default judgment against Defendants.

## A.    This Court has jurisdiction over Opt-in Plaintiffs.

In the Ninth Circuit, the Court must establish jurisdiction prior to certifying a collective. *Harrington*, 142 F.4th at 686 (9th Cir. 2025). Here, the Court need not engage in a rigorous jurisdiction analysis because Defendants are domiciled in this District and the Court has general jurisdiction over all claims against them. *Wilkerson v. Walgreens Specialty Pharmacy LLC*, 637 F. Supp. 3d 718, 724 (D. Ariz. 2022) ("Where a court has general personal jurisdiction over a defendant, that defendant may be made to answer in that court for claims stemming from its activities anywhere in the world.").

Corporate Defendants Tri City Transport, LLC, and SWWOOP, LLC, are Arizona companies with their principal places of business in the State of Arizona. Compl. ¶ 12, 14, ECF No. 1; Defendants' Secretary of State filings, attached as Ex. 1 (stating that both Corporate Defendants are Arizona limited liability companies). *See also Wilkerson*, 637 F. Supp. 3d at 725 ("Save for "exceptional case[s]," a corporation is only considered "at home" in the state or states where it is incorporated or has its principal place of business."). Likewise, Individual Defendant Michael Butler is a resident of Arizona. Compl. ¶ 16. Accordingly, this Court has general jurisdiction to hear all claims against Defendants, including those of Opt-in Plaintiffs.

Regardless, the Court also has specific personal jurisdiction over Opt-in Plaintiffs' claims against Defendants because Opt-in Plaintiffs worked for Defendants in the State of Arizona and their claims accrued in this District. "Where a court possesses only specific personal jurisdiction over a defendant, however, that defendant is answerable only for claims which 'arise[ ] out of or relate[ ] to the defendant's forum-related activities.'" *Wilkerson*, 637 F. Supp. 3d at 724–25 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004)). Like Plaintiffs, Opt-in Plaintiffs worked for Defendants in Arizona as Drivers. *See* ECF Nos. 14, 17–21, 24, 27, 31 (stating that Opt-ins worked for Defendants as Drivers). *See also* Decls. in Supp. of Mot. for Default J. (collectively "Default Declarations"), ECF Nos. 49-1–10 (stating that Plaintiffs and Opt-in Plaintiffs worked for Defendants in Arizona). Defendants failed to properly compensate its Drivers for work performed in Arizona, and thus Opt-in Plaintiffs' claims accrued in Arizona. *See generally*, Default Decls. Accordingly, this Court has both general and specific jurisdiction and may properly add Opt-in Plaintiffs as party plaintiffs in this case.

**B.    Plaintiffs and Opt-in Plaintiffs are similarly situated such that a collective is warranted.**

Based on the evidence available in this case, Plaintiffs and Opt-in Plaintiffs have made a showing that they are similarly situated such that a collective is proper and warranted.

Plaintiffs and Opt-in Plaintiffs worked for Defendants as non-emergency medical Drivers in which they drove individuals to doctor's appointments or delivered

medication as requested by Defendants' customers. *See, e.g.*, Decl. of Todd Heichel ("Decl. Heichel") ¶ 7, ECF No. 49-1; Decl. of Rudy Castro ("Decl. Castro") ¶ 7, ECF No. 49-2; Decl. of Roscoe Butterfield ("Decl. Butterfield") ¶ 7, ECF No. 49-5; Decl. of Domingo Limon ("Decl. Limon") ¶ 5, ECF No. 49-7.[1]

Defendants did not pay Plaintiffs or Opt-in Plaintiffs an hourly or a salary wage, but rather paid Plaintiffs and Opt-in Plaintiffs per mile driven. Decl. Heichel ¶ 5–6, 13; Decl. Castro ¶ 5–6, 13; Decl. Butterfied ¶ 5–6, 11; Decl. Limon ¶ 5, 11. Defendants classified Plaintiffs and other Drivers as exempt from the overtime requirements of the FLSA and did not pay an overtime premium for any overtime hours worked, despite Plaintiffs and Opt-in Plaintiffs regularly working more than forty hours per week. Decl. Heichel ¶ 13; Decl. Castro ¶ 13; Decl. Limon ¶ 11. Moreover, because Defendants required Plaintiffs and Opt-in Plaintiffs to use their personal vehicles in making deliveries but failed to reimburse for vehicle expenses, Plaintiffs' and Opt-in Plaintiffs' wages fell below the statutory minimum. Decl. Heichel ¶ 13; Decl. Castro ¶ 13; Decl. Butterfield ¶ 9.

Accordingly Plaintiffs and Opt-in Plaintiffs were all subject to the same pay practices and policies that resulted in the alleged FLSA violations. These facts are more than sufficient to meet Plaintiffs' burden to show that the potential class members are similarly situated such that a collective is warranted.

---

[1]    In the interest of efficiency, Plaintiffs have elected to highlight four declarations, two Plaintiff declarations and two Opt-in declarations, to demonstrate similarity. In total, there are nine declarations, three Plaintiff declarations and six Opt-in Plaintiff declarations, making identical allegations of both duties performed and FLSA violation experienced.

## IV.    CONCLUSION

Plaintiffs have demonstrated that this Court has jurisdiction over all Opt-in Plaintiffs' claims and that Opt-in Plaintiffs are similarly situated to Plaintiffs such that a collective is proper. Accordingly, Plaintiffs respectfully request an Order from this Court certifying a collective for the purpose of including Opt-in Plaintiffs in the Court's Default Judgment against Defendants.

Respectfully submitted,

**TODD HEICHEL, RUDY CASTRO, JUSTIN GARMENDIA, JOSHUA HOLGATE and RANDI PITTS, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com