Sean Short (Ark. Bar No. 2015079)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(800) 221-0088
sean@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate and Randi Pitts, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Tri City Transport, LLC, SWWOOP, LLC, and Michael Butler,<br><br>Defendants. | NO. 2:22-cv-1513-PHX-SMM<br><br>**DECLARATION OF ATTORNEY JOSH SANFORD** |

I, Josh Sanford, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Josh Sanford, and I am over the age of 18 and duly qualified to execute this Declaration and to swear to the accuracy of the facts herein contained.

2. I am an attorney licensed in the State of Arkansas. I practice law with the law firm of Sanford Law Firm, PLLC (hereinafter "Sanford Law Firm"), which is located in Little Rock, Arkansas, and which I founded in Russellville, Arkansas in

2001. I opened an office in Little Rock in 2009 and now predominantly practice in the Arkansas District Courts, together with a busy practice in the Southern and Western Districts of Texas.

3. I practice law full-time, and I manage the other attorneys in the Sanford Law Firm.

4. I have prosecuted over 150 wage lawsuits in Texas in the last three years.

5. I have prosecuted over 500 wage lawsuits in Arkansas in the last seven years.

6. In the course of my law practice, I engage in a significant amount of wage and hour litigation—specifically cases arising under the Fair Labor Standards Act (FLSA) and the comparable Arkansas Minimum Wage Act (AMWA). A significant portion of my case load is in various federal courts around the United States, including trial work in cases arising under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the FLSA, and the Family and Medical Leave Act.

7. I am licensed to practice law in all state and federal courts in the States of Arkansas, Colorado and Texas. I am also actively engaged in appellate practice. I have handled cases before almost all county Circuit Courts in the Central and River Valley regions of Arkansas, the United States District Courts for the Eastern and Western Districts of Arkansas, the United States District Courts for the Eastern, Southern, Northern and Western Districts of Texas, the United State District Court for the Northern District of Oklahoma, the United States District Court for the Southern

District of Ohio, the United States District Court for the District of Colorado, the United States District Court for the Eastern District of Michigan, the United States District Court for the District of Oregon, and the Fifth, Sixth and Eighth Circuit Courts of Appeals.

8. Within the past few years, Sanford Law Firm has also filed cases in the federal district courts in Arizona, Kentucky, North Carolina, South Carolina, Florida, Georgia, Alabama, Mississippi, Georgia, Louisiana, Missouri and Illinois.

9. In 2005, I was voted "Best Attorney" (tie) in a readers' poll published by *The Courier* in Russellville, Arkansas. Subsequently, in 2008, I served as the President of the Pope County Bar Association. In addition, I am or have been a member of the American, Arkansas, and Pope County Bar Associations, the Arkansas Trial Lawyers Association and the National Employment Lawyers Association.

10. I have been lead counsel on numerous wage and hour cases filed in United States District Courts throughout the nation, including the following: *Craig Lyons, et al. v. Con Agra*, 4:12-cv-245-JM (E.D. Ark.) (over 790 plaintiffs); *Keyli Cruthis, et al. v. Visions, et al.*, 4:12-cv-244-KGB (E.D. Ark.); *James Finley v. Universal Pressure Pumping, Inc.*, SA:12-ca-0654-OG (Western District of Texas); *Michael Alexander v. Hahn Appliance Center, Inc.*, 12-CV-257-CVE-TWL (N.D. Okla.); *Chad Lochridge, et al. v. Lindsey Management, et al.*, 5:12-CV-5047-JLH (W.D. Ark.); *Bill Hollomon, et al. v. AT&T Mobility Services, LLC*, 4:11-cv-600-BRW (E.D. Ark.); *Jeffrey Bacon, et al. v. Eaton Aeroquip, LLC*, 2:11-cv-14103-GD (E.D. Mich.); *Karen "Kay" Roland*

*v. Sharp County Post 336, et al.*, 1:11-CV-85-DPM (E.D. Ark.); *Bennie Watson, et al. v. Surf-Frac Wellhead Equipment Company, Inc.*, 4:11-CV-843 (JLH) (E.D. Ark.); *Robert Terry, et al. v. City of Ola*, 4:11-cv-11-645 (JLH) (E.D. Ark.); *Donald Bateman, et al. v. Frac Tech Services, LLC*, 6:11-cv-708 (E.D. Tex.); *Kalie Brown, et al. v. Barney's Barn, Inc., d/b/a/ Peaches Gentlemen's Club*, 4:11-cv-224 (SWW) (E.D. Ark.); *Jason Phillips v. Oil Patch Water and Sewer Services, LLC, et al.*, 4:11-cv-776 (JLH) (E.D. Ark.); *David Delock, et al. v. Securitas Security Services USA, et al.*, 4:11-CV-520 (DPM) (E.D. Ark.); *Karen Springs, et al. v. First Student, Inc.*, 4:11-CV-00240 (BSM) (E.D. Ark.); *Teramura v. Walgreen Co.*, 5:12-cv-5244-JLH (W.D. Ark.), and many others.

11.   I have also been lead counsel on numerous wage and hour cases that resulted in settlements or judgments in favor of my clients including the following: *Coby Pearce v. Frac Tech Services, LLC*, No. 4:12-cv-651-JLH (E.D. Ark.); *Nicole Collins v. Barney's Barn, Inc., et al.*, No. 4:12-cv-685-SWW (E.D. Ark.); *Joseph Gauthier, et al. v. Trican Well Service, L.P.,* No. 6:13-cv-46-LED (E.D. Tex.); *Jason Roche, et al. v. S-3 Pump Service, Inc.,* No. 5:15-cv-268-XR (W.D. Tex.); *Kristen Whitworth, et al. v. French Quarter Partners, LLC,* No. 6:13-cv-6003-RTD (W.D. Ark.); *Robert Terry v. Yell County Ark.,* No. 4:13-cv-408-SWW (E.D. Ark.); *Jessica Guinn v. D J Trucking*, No. 4:13-cv-559- KGB (E.D. Ark.); *Maria Romero de Lopez, et al. v. Ozark Mountain Poultry, Inc.,* No. 5:13- cv-5272-TLB (W.D. Ark.); *Sean Jordan v. Big E. Foods, Inc.,* No. 4:14-cv-205-BRW (E.D. Ark.); *Patricia Hernandez,*

*et al. v. Simmons Foods, Inc.,* No. 5:14-cv-5159-JLH (W.D. Ark.); *Sean Schneider v. Habitat for Humanity International, Inc.,* No. 5:14-cv-5230-TLB (W.D. Ark.); *Pedro Espinoza v. Car-Son Construction, LLC*, No. 4:14-cv-467-KGB (E.D. Ark.); *Sheila Lyles v. City of Trumann, Ark.,* No. 3:14-cv-210-DPM (E.D. Ark.); and *Kellie McCartney v. Baily and Thompson Tax and Accounting, P.A.,* No. 4:14-cv-561-SWW (E.D. Ark.).

12. I have also been lead counsel on several wage and hour cases in which collective actions have been granted including *Sam Adams v. United Cerebral Palsy of Central Ark., Inc.*, No. 4:16-cv-930-JLH (E.D. Ark.); *James Harris, et al. v. Express Courier International, Inc.*, No. 5:16-cv-5033-TLB (W.D. Ark.); and *Dustin Moore, et al. v. Performance Pressure Pumping Services, LLC*, No. 5:15-cv-432-XR (W.D. Tex.), and dozens of others.

13. Since January of 2015, Sanford Law Firm has filed and prosecuted over 750 distinct wage lawsuits throughout the United States, including those still pending. Many of these lawsuits are (or were, if they have been resolved) group or collective actions, as well as several class actions under Rule 23.

14. Collectively, cases filed by the Sanford Law Firm since 2009 have resulted in far more than $11,000,000.00 in settlement and judgment money for wage and hour violations for more than two thousand (2,000) clients across the nation.

15. In the past two years, Sanford Law Firm has shifted from its FLSA practice. Instead of focusing exclusively on wage and hour law, the Firm has moved its

focus into accepting and litigating data breach lawsuits. On average, data breach lawsuits result in fee awards based on hourly rates between $500 and $1000, with an average of around $750. Due to the magnitude of the collective and the complexity of claims in this case over the past three years, Sanford Law Firm has been precluded from accepting work in the far more lucrative field of data breach cases.

16. I am familiar with the customary and reasonable fees charged by myself and by other attorneys in the District of Arizona. Generally, the customary and reasonable fee charged for federal court work in FLSA cases in U.S. District Courts in Arizona is $250.00 to $600.00 per hour, depending upon experience and specialty.

17. The rates charged by Sanford Law Firm's attorneys are reasonable. The rates are reflective of the number of years each attorney has practiced, the attorneys' expertise in employment issues such as the FLSA, and the rates charged by other attorneys specializing in FLSA work. The staff time and hourly rate for the Sanford Law Firm below are likewise reasonable and comparable.

18. The attorneys of Sanford Law Firm maintain contemporaneous time and expenses records as a matter of ordinary and customary business practice. The time and billing records identify the amount of time expended, the tasks performed, the rate of the particular timekeeper involved, and the costs incurred. I reviewed the firm's unaudited billing records in this case and found that the following attorneys billed time to this matter:

| Billed By | Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| Courtney Lowery | $400.00 | 2.9 | $1,160.00 |
| Karolina Viehe | $400.00 | 4.3 | $1,720.00 |
| Laura Edmondson | $300.00 | 4.4 | $1,320.00 |
| Rebecca Matlock | $400.00 | 6.9 | $2,760.00 |
| Samuel Brown | $300.00 | 5.8 | $1,740.00 |
| Sean Short | $400.00 | 11.3 | $4,520.00 |
| Stacy Gibson | $400.00 | 11.8 | $4,720.00 |
| Paralegal | $150.00 | 15.9 | $2,385.00 |
| Law Clerk | $110.00 | 1.5 | $165.00 |
| Grand Total | | 64.8 | $20,490.00 |

19. Each attorney's hourly rates are supported by their skills and experience.

   a. Attorney Courtney Lowery graduated magna cum laude from the University of Arkansas at Little Rock, William H. Bowen School of Law in 2019. She served on the Law Review Editorial Board and was a member of the Student Animal Legal Defense Fund as well as the student chapter of Arkansas Association of Women Lawyers. During law school, Ms. Lowery was a law clerk for the Sanford Law Firm and joined the firm after taking the Arkansas Bar Exam. Both as a law clerk and an attorney with SLF, her practice focused heavily on employment law litigation. While at the Sanford Law Firm, Ms. Lowery became an expert in screening and drafting FLSA claims and obtained favorable settlements for several clients. In 2020, no attorney in the United States drafted more FLSA lawsuits than Ms. Lowery.

   b. Attorney Laura Edmondson graduated magna cum laude from the University of Arkansas School of Law in 2021. She served as Executive Editor of the Journal of Food Law and Policy and was named Outstanding Volunteer Student Attorney in 2020 for her work with Legal Aid of Arkansas in Springdale. During her time with SLF, Ms. Edmondson focused her practice exclusively on FLSA cases.

   c. Attorney Sean Short graduated from Washington University in St. Louis School of Law in 2013. Since 2016, Mr. Short's legal practice has focused almost exclusively on prosecuting wage and hour violations under the FLSA and AMWA in district courts

throughout the country. In his nine years at Sanford Law Firm, Mr. Short has served as lead counsel in more than 50 FLSA cases and as co-counsel in excess of 300 FLSA matters, where he has successfully represented thousands of plaintiffs and opt-in plaintiffs through settlement or trial in some of the largest FLSA collective actions in Arkansas. Prior to practicing wage and hour litigation, Mr. Short worked in the litigation department at an international law firm in Bangkok, Thailand where he worked on cross-border matters involving Thai, Burmese, and American law.

d. Attorney Stacy Gibson graduated cum laude from the University of Arkansas School of Law in 2014. While attending law school. Ms. Gibson was a Note and Comment Editor for the Journal of Food Law & Policy. Ms. Gibson litigated family law, probate, and general civil matters throughout the state before focusing her practice on FLSA cases at SLF. During her time at SLF, she served as co-counsel on numerous single-plaintiff and collective action FLSA cases in Arkansas district courts and in arbitration, as well as served as lead counsel in a collective action for a group of 189 plaintiffs in the Southern District of Mississippi. Ms. Gibson worked on hundreds of wage cases while at SLF.

e. Attorney Karolina Viehe graduated magna cum laude from Valparaiso University School of Law in 2012. Ms. Viehe was an Honors Program Participant. During her time at SLF, her practice focused primarily on employment law, including the FLSA. While attending law school, Ms. Viehe served as the President of Amnesty International Association and was a member of the Intellectual Property Law Association. Also as a law student, Ms. Viehe served as the Judicial Extern for the Honorable Magistrate Judge William G. Hussmann of the U.S. District Court for the Southern District of Indiana and as Certified Legal Intern for the Vanderburgh County Prosecutor's Office.

f. Attorney Rebecca Matlock graduated, magna cum laude, from the UALR William H. Bowen School of Law in 2015. Her practice focuses primarily on employment law litigation, particularly in the FLSA context. As a law student, Ms. Matlock served as Executive Editor of the UALR Law Review, in which Ms. Matlock had an article published in the Spring of 2015 issue. Ms. Matlock has been practicing with Sanford Law Firm for approximately ten years and has completed hundreds of drafting projects, including fee petitions, summary judgment motions, and a wide variety of

responsive motions as she did in this case.

g. Attorney Samuel Brown graduated cum laude from the University of Arkansas at Little Rock, William H. Bowen School of Law in 2020. During law school, Mr. Brown clerked at several law firms as well as the Arkansas Municipal League. Mr. Brown also completed an externship with the Honorable Magistrate Judge Beth Deere in the Eastern District of Arkansas. During his time at SLF, Mr. Brown's practice particularly emphasized settlements in wage and hour cases under the FLSA. While at SLF, Mr. Brown capably administered and finalized several FLSA wage case settlements per week.

20. This case made use of an unusually high number of time keepers. Despite the theoretical simplicity of obtaining a default judgment, this case pended for over three years. During those three years, SLF saw many attorneys come and go, many of whom worked on this case during their time at SLF. The case originated with Attorney Courtney Lowery, who drafted all the initiating documents in the case. Ms. Lowery passed the case to Attorney Laura Edmondson in fall of 2022 when she left SLF. Ms. Edmondson, a junior attorney at the time, handled the case under the supervision of Attorney Stacy Gibson until her departure from SLF in spring of 2023. Ms. Gibson managed the case solo until early 2024 when she also left SLF; then Attorney Sean Short took over and managed the case until its completion. Despite the high number of managing attorneys, no two managing attorneys billed for duplicative entries, nor do the billing entries of the managing attorneys overlap in time.

21. This case made use of two of Sanford Law Firm's drafting attorneys, each drafting within their areas of expertise with zero duplication or crossover. Karolina Viehe drafted the motion for conditional certification, which included a motion, brief,

declarations from Plaintiffs, and several associated exhibits. Rebecca Matlock drafted the motions associated with the default judgment in this case as well as this fee petition. Attorney Matlock has drafted over 15 fee petitions in the past five years; her expertise enabled her to draft this one expediently and efficiently. During his time with SLF, Attorney Samuel Brown specialized in FLSA case completions and settlements, making his experience invaluable in pushing this case across the finish line with the final Default Motion. This farming out of discrete tasks enabled each case managing attorney to focus on litigation tactics in moving this case forward toward a successful outcome during their respective times managing the case.

22. Until recently, the Sanford Law Firm's work focused on representing workers in employment matters, and its lawyers focused their practices in the area of the FLSA and similar wage-and-hour cases. In the community of attorneys who focus their practice in this area of the law, the Sanford Law Firm has a strong reputation for its quality of work and diligent representation of its clients.

23. The hourly rates reflected in this Declaration were updated recently following a thorough internal review. Prior to this change, the Sanford Law Firm had not adjusted its rates in several years, despite increasing costs, expanded expertise, and the firm's growing national litigation profile. The updated rates are consistent with the prevailing market rates for similar legal services and reflect the firm's depth of experience, particularly in complex wage-and-hour and data breach litigation.

24. Sanford Law Firm represented Plaintiffs in this case on a contingency

basis without any assurances that fees or costs would be recovered.

25. Not only is there no guarantee that any fees and costs will be recovered in a contingency fee case, but any recovery made will be delayed as compared to clients who make up-front or monthly payments as litigation proceeds. In contingency fee cases, an attorney is not paid for months or even years, depending on how long it takes for litigation to conclude.

26. This type of work is time-consuming and rigorous, and the amount of time spent by our firm at each step in this case is reasonable. It is not uncommon in the course of my practice for clients with similar cases to incur attorney's fees that are as much as or more than those in this case.

27. With these matters in mind, I reviewed the hourly rates for the attorneys and staff that the Sanford Law Firm is seeking in this case.

28. Based on my experience and knowledge, it is my opinion that these hourly rates are reasonable given the attorneys' skills, expertise, and reputations, and they are within the range of rates awarded to attorneys with similar backgrounds and experience.

29. The hours billed to this matter are also reasonable and consistent with or less than the hours typically billed to cases of similar complexity and at similar stages of litigation.

30. The request for attorney's fees is based upon contemporaneous time and expense records maintained by Sanford Law Firm as a matter of ordinary and customary business practice. The time and billing records identify the amount of time

expended, the tasks performed, and the rate of the particular timekeeper involved. A true and accurate copy of a spreadsheet reflecting relevant legal services rendered and time expended on this case through November 14, 2025, is attached to Plaintiffs' Motion for Attorneys' Fees as Exhibit 1 (hereinafter "Billing Invoice).

31. Each task reflected in the attached Invoice was necessary to the successful resolution of this matter; the hours expended were actually expended on the topics stated; the time spent on each task was reasonable; and the rates claimed are also reasonable.

32. The time spent reviewing, categorizing and reducing fees reflected in the Billing Spreadsheet is reasonable because it reflects the exercise of billing judgment and allows the charges to be sorted by attorney and category of work to assist the Court in understanding the charges reasonably incurred by the Sanford Law Firm in this case.

33. Each billing entry in this case has been categorized according to its particular purposes in order to assist the Court in understanding how time was expended in this case. This information is summarized below:

| Category | Time | Value |
|---|---|---|
| Case Initiation | 2.8 | $1,045.00 |
| Client Communication | 7.1 | $1,354.00 |
| Collective Action | 5.3 | $1,895.00 |
| Court Communication | 0.2 | $30.00 |
| Default | 19.2 | $6,795.00 |
| Discovery | 1.5 | $225.00 |
| Fee Petition | 3.9 | $1,560.00 |
| In House Communication | 8.1 | $2,940.00 |
| Service | 16.7 | $4,646.00 |
| Grand Total | 64.8 | $20,490.00 |

34. The categories of work summarized above were developed by Sanford Law Firm to assist this Court in determining the reasonableness of fees. Categorizing individual charges is more of an art than a science, meaning some charges might fit well into more than one category, but good faith efforts were made to put each billing entry into the category that best defined it. Some of the categories described above are relatively self-explanatory, while others benefit from some explanation, as set forth below.

35. The bulk of SLF's work in this case falls into the "Service" and "Default" categories, which include SLF's efforts to locate and serve Defendants and obtain the default judgment against them. The "service" category includes both the research involved in locating Defendants, the various requests for extensions of the service deadline, and the ultimate request for alternate service. The "default" category includes the work expended in drafting the motion for clerk's entry of default, the motion for default, including the damages calculations included with that motion, and the request to include the Opt-in Plaintiffs in the default.

36. The "Collective Action" category includes SLF's work in drafting consents to join on behalf of the Opt-in Plaintiffs as well as the drafting of a motion for collective action that was never filed. SLF intended to file this motion after Defendants Answered the Complaint, which never happened. This work was used later in Plaintiffs' Motion to Include Opt-ins in Default Judgment.

37. The "Case Initiation" category covers all work performed in gathering

facts a data in preparation for drafting the Complaint and the actual drafting of the Complaint.

38. The "Fee Petition" category of work involves work related to the preparation and drafting of Plaintiffs' Motion for Attorneys' Fees, including drafting the motion, supporting brief, and the current declaration, as well as time spent working with billing, including reviewing, categorizing, and reducing billing, as well as ensuring protection of attorney-client privilege in producing billing.

39. Where appropriate, Sanford Law Firm attorneys also delegate work to paralegals, law clerks and staff. The hourly rates charged for Sanford Law Firm's paralegals, law clerks and staff are reasonable and in line with hourly rates for paralegals, law clerks and staff by other firms in the Phoenix area. The work performed by support staff members in this case was necessary to the litigation and the time spent on those tasks was reasonable.

40. In preparing to support Plaintiff's Motion for Attorneys' Fees, Sanford Law Firm exercised billing judgment in calculating the lodestar, reviewing records of hours worked and writing off entries for time spent on tasks which could be viewed as unproductive, excessive, redundant, or which were otherwise deemed as appropriate for writing off completely or reducing as part of Plaintiff's request for reasonable attorneys' fees in this case. Items deducted or reduced also included items for which billing was insufficiently clear to describe how the time was spent, a portion of in-house conferences, a portion of time related to case management and other items where

appropriate.

41. In addition, court costs and recoverable expenses were also incurred in this matter. The costs in this case consist of the filing fee and service fees including service on all Defendants and the costs of certified mail.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 14th day of November, 2025.

*/s/ Josh Sanford*
**JOSH SANFORD**