Sean Short (Ark. Bar No. 2015079)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
sean@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate and Randi Pitts, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Tri City Transport, LLC, SWWOOP, LLC, and Michael Butler,<br><br>Defendants. | NO. 2:22-cv-1513-PHX-SMM<br><br>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND ATTORNEY' FEES** |

## I.    INTRODUCTION

Plaintiffs brought this case under the FLSA, 29 U.S.C. § 201 *et seq.*, to recover unpaid wages. Plaintiffs obtained some of the most experienced wage counsel in the United States, who took the case without requiring any up-front payment from Plaintiffs. Plaintiffs' counsel (hereinafter "SLF") expended significant effort in obtaining a judgment on Plaintiffs' behalf while shouldering all the costs of the litigation and faced the risk of receiving nothing if the case was unsuccessful. SLF

expended extensive time and effort in effecting proper service and eventually obtaining a default judgment against Defendants, which resulted in a damages award for Plaintiffs. Plaintiffs now respectfully ask the Court to award fees of $20,490.00 and costs of $1,312.35.

## II.  LEGAL STANDARD

### A.  Eligibility and Entitlement to Fees

An award of reasonable attorneys' fees and costs to the prevailing party is mandatory under the FLSA. 29 U.S.C. § 216(b); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Congress enacted the fee-shifting provision of the FLSA "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley*, 19 F.3d at 1134; *see also* 29 U.S.C. § 202.

Compensating plaintiffs' attorneys, who act as private attorneys general lending their unpaid work to society, furthers Congress's public policy goal under the FLSA, which is to protect workers from unfair labor practices, as stated:

> The design of the Fair Labor Standards Act is intended to rectify and eliminate 'labor conditions detrimental to the maintenance of the minimum standard living' for workers. 29 U.S.C. § 202(a). The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act.

*United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501–02 (6th Cir. 1984); 29 U.S.C. § 202. The FLSA's fee shifting provision also encourages

private litigants to sue for their rights even when the expected monetary recovery is otherwise "too small to attract effective legal representation." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999); *see also City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986). Indeed, "courts often award attorneys' fees that far exceed the plaintiffs' recovery in FLSA cases," and reject the use of proportionality as a basis for reducing fee awards. *See Morales v. Farmland Foods, Inc.*, 2013 U.S. Dist. LEXIS 56501, *21–23 (D. Neb. Apr. 18, 2013) (string citing cases); *Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 (SRN/SER), 2015 U.S. Dist. LEXIS 52540, *41–42 (D. Minn. Apr. 13, 2015).

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[A] plaintiffs 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 113.

Here, Plaintiffs are the prevailing party because the Court awarded them a judgment and damages. Accordingly, Plaintiffs are entitled to a fee award pursuant the FLSA, 29 U.S.C. § 216(b).

B.     **Calculation of Fees**

After determining that a plaintiff is entitled to a fee award, the Court must determine the reasonableness of the fee requested. *Banko v. Rotor X Aircraft Mfg. Co.*, No. CV-23-02265-PHX-JAT, 2025 WL 755422, at *2 (D. Ariz. Mar. 10, 2025). "To determine a reasonable attorneys' fee, the Court begins with the 'lodestar figure,' meaning 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (quoting *Hensley*, 461 U.S. at 433). An attorney's requested hourly rate is reasonable if it is in line with the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

After calculating the lodestar, the Court may increase or reduce the awarded amount on consideration of the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the legal questions involved, (3) the skill required to perform the legal service properly, (4) other employment precluded due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Vilchis v. Roman's Transportation LLC*, No. CV-24-01041-PHX-ROS, 2024 WL 4769782, at *2 (D. Ariz. Nov. 13, 2024) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

### III. ARGUMENT

As shown in the Billing Invoice, Plaintiffs request $20,490.00 in attorneys' fees. SLF's hourly rates are reasonable, and the attorneys' fees incurred were reasonable and necessary to the prosecution of this case. Thorough, contemporaneous documentation of SLF's time adequately supports the number of hours expended in litigating this matter.

**A.   The hours billed by SLF are reasonable.**

Both the total amount of fees requested and the individual time entries detailed in the Billing Invoice reflect reasonable billing. Each task recorded was necessary to the resolution of this matter, and the time spent on each task was reasonable. Declaration of Josh Sanford (hereinafter "Decl. Sanford") ¶ 30–38, attached as Ex. 2.

This case was filed on September 8, 2022. ECF No. 1. Although default judgments are theoretically simple, this case presented unique issues that required extensive time and effort to resolve. Decl. Sanford ¶ 20, 35. During the three years that this case pended, SLF navigated multiple Plaintiffs and absent Defendants to an eventual victory. SLF expended significant effort in locating and serving Defendants, relentlessly pursuing all avenues of investigation until it was eventually able to serve Defendants through alternate service pursuant to Arizona Rule of Civil Procedure 4.1. After obtaining valid service, Plaintiffs pursued default judgment against Defendants, which required the calculation of damages on behalf of 15 Plaintiffs and Opt-in Plaintiffs. Following the granting of that default, SLF further pursued the inclusion of all Opt-in Plaintiffs in the default.

5

Based on the work performed, the number of hours requested is facially reasonable. Fees incurred at various phases and types of work are summarized in the chart below:

| Category | Time | Value |
|---|---:|---:|
| Case Initiation | 2.8 | $1,045.00 |
| Client Communication | 7.1 | $1,354.00 |
| Collective Action | 5.3 | $1,895.00 |
| Court Communication | 0.2 | $30.00 |
| Default | 19.2 | $6,795.00 |
| Discovery | 1.5 | $225.00 |
| Fee Petition[1] | 3.9 | $1,560.00 |
| In House Communication | 8.1 | $2,940.00 |
| Service | 16.7 | $4,646.00 |
| Grand Total | 64.8 | $20,490.00 |

Decl. Sanford ¶ 32.

This breakdown of hours worked into discrete categories aids understanding of the fees incurred and further supports the reasonableness of the fees requested. *See Copely v. Superior Logistics Alt., Inc.*, No. 1:10-cv-9-MEF, 2011 U.S. Dist. LEXIS 33841, at *5 (M.D. Ala. Mar. 30, 2011) ("A well-prepared fee petition also would include a summary, grouping time entries by nature of the activity or state of the case."). A discussion of the types of work encompassed by some of the categories identified above is included in the Declaration of Josh Sanford. *See* Decl. Sanford ¶ 33–39.

---

[1] Work expended on an application for attorneys' fees is recoverable. *See, e.g.*, *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019). *See also In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985) ("[F]ederal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.").

SLF reduced billing in a good-faith effort to exclude potentially excessive, redundant, or otherwise unnecessary hours, and simply to make billing more reasonable. *See Hensley*, 461 U.S. at 434; Decl. Sanford ¶ 40; Ex. 1, Billing Invoice.[2] For example, SLF audited billing and deducted items for which billing insufficiently described how the time was spent and for clerical or administrative work, among other reductions. Decl. Sanford ¶ 40. Efforts to voluntarily reduce fees further support the lodestar requested. After subtracting hours billed through the exercise of billing judgment, SLF requests an award of fees for 64.8 hours of legal services.

Plaintiffs request billing for four attorneys of record, three attorneys who appeared briefly to work within their areas of expertise, a paralegal, and a law clerk. *See* Billing Invoice, Ex. 1. To reduce concerns over overstaffing and resulting inefficiencies, the "In House Communication" category has been reduced substantially. Intra-firm conferences can increase efficiency by promoting the distribution of work to the attorney or support staff member that can most efficiently or cost-effectively perform the work and sharing knowledge among attorneys to avoid, for example, a half-hour of research when a five-minute conversation with a colleague would achieve the same result. *See* Ariz. R. Prof. Conduct 1.1 (requiring competent representation).

Regardless, efforts were made to remove all "In House Communication" billing for any attorneys and support staff other than the attorneys managing the case during their respective times of management. *See* Billing Invoice. This allows Plaintiffs to

---

[2] Billing entries that were wholly deducted from Plaintiffs' fee request were removed from the Billing Spreadsheet entirely but can be produced upon request. Decl. Sanford ¶ 39.

receive the benefit of conferences between SLF attorneys and staff without passing additional cost on to Defendants. The reduction in this category of billing entries is consistent with judicial recognition that intra-firm conferences can be appropriate while balancing the need to maintain "reasonable" billing overall, particularly with respect to intra-firm conferences. *See, e.g.*, *Myers v. Aitkin Cty.*, No. 14-473 (JRT/LIB), 2017 U.S. Dist. LEXIS 44680, at *7 (D. Minn. Mar. 27, 2017) ("Other circuits have found multiple attorneys billing for intra-firm conferences reasonable."); *United Cent. Bank v. Kanan Fashions, Inc.*, No. 10 CV 331, 2012 U.S. Dist. LEXIS 56130, at *23–24 (N.D. Ill. Apr. 23, 2012) ("Multiple lawyers, working together, may lead to more efficiency and reduced costs and as long as the meetings are appropriate and necessary and the billing is reasonable, the court will not exclude the hours.") (internal quotation and editing marks omitted); *Bowne of N.Y.C. v. AmBase Corp.*, 161 F.R.D. 258, 268 (S.D.N.Y. 1995) (recognizing that the refusal to award any fees "for intra-firm meeting time is contrary to law").

SLF also appropriately utilized the assistance of support staff such as Paralegals. Work performed by paralegals that would have been performed by attorneys is compensable and helps keep the cost of litigation down. *See Miller v. Alamo*, 983 F.2d 856, 862 (8th Cir. 1993). The work performed by support staff in this case meets this standard.

At each step in this case, the work performed by SLF was reasonable and necessary to the progress of the litigation and was performed with prudence and efficiency. Counsel kept thorough contemporaneous records of this work. Decl. Sanford

¶ 30; Ex. 1, Billing Invoice. The time spent was reasonable and necessary, and the overall billing is likewise reasonable. Therefore, Plaintiffs' fee request of $20,490.00 should be granted in its entirety.

**B.    SLF billed at reasonable hourly rates.**

A chart detailing the lodestar amounts requested for each individual SLF attorney and support staff member, is set forth below:

| Billed By | Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| Courtney Lowery | $400.00 | 2.9 | $1,160.00 |
| Karolina Viehe | $400.00 | 4.3 | $1,720.00 |
| Laura Edmondson | $300.00 | 4.4 | $1,320.00 |
| Rebecca Matlock | $400.00 | 6.9 | $2,760.00 |
| Samuel Brown | $300.00 | 5.8 | $1,740.00 |
| Sean Short | $400.00 | 11.3 | $4,520.00 |
| Stacy Gibson | $400.00 | 11.8 | $4,720.00 |
| Paralegal | $150.00 | 15.9 | $2,385.00 |
| Law Clerk | $110.00 | 1.5 | $165.00 |
| Grand Total | | 64.8 | $20,490.00 |

SLF's hourly rates are reasonable and in line with the current market-value of hourly rates for attorneys of SLF's experience in the Phoenix area. *See, e.g.*, *Vilchis*, 2024 WL 4769782, at *2 (finding an hourly rate of $445 reasonable in an FLSA case in which the plaintiff won a default judgment); *Ubinger v. Urb. Housekeeping LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *2 (D. Ariz. June 18, 2024) (reaching the same conclusion and citing two additional cases finding the $445 rate reasonable).

The rates requested by SLF reflect the geographic area in which SLF practices, the type of law practiced by SLF, the qualifications and experience of SLF's attorneys

9

who worked on this case, and the resulting market value of those factors. Decl. Sanford ¶ 7–17, 19. SLF took this information into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 21–29. Likewise, this case had an unusually long pendency for a case won on default judgment and had a commensurately unusual number of billing attorneys. SLF considered then when setting the hourly rates and chose a rate below the prevailing rate in the Phoenix. Decl. Sanford ¶ 20. Further, SLF's voluntarily reductions to billable hours make the requested hourly rates even more appropriate.

Based on the above, SLF's requested rates are reasonable. With the exception of Attorneys Laura Edmondson and Samuel Brown, all SLF attorneys who worked on this case have around ten years of experience, making their rates of $400.00 per hour imminently reasonable. Attorneys Laura Edmondson and Samuel Brown's rates are reduced to $300.00 per hour to account for their comparative lack of experience.

**C.    The *Kerr* factors.**

As detailed below, the *Kerr* factors do not support a decrease in the lodestar, and if anything, support an increase. Accordingly, this Court should award the lodestar requested.

1. <u>The time and labor required.</u>

The first *Kerr* factor, the time and labor required for the case, does not support a deviation from the lodestar. As detailed above, the case required extensive time and labor. During the three-year pendency of the case, SLF expended significant time and resources into locating and serving Defendants, and thoroughly pursued a default

judgment on behalf of 15 Plaintiffs, ultimately obtaining a damages award for 10 of these Plaintiffs.

 2. <u>The novelty and difficulty of the legal questions.</u>

While this case did not present novel or complex legal questions, it presented inherently complex practical issues such as locating missing defendants and implementing service by alternate means. Moreover, SLF was presented with the unique issue of how to obtain judgment on behalf of a class when no class had been certified due to the absentia of Defendants. While a default judgment is not novel or difficult, the practical complexity of this case does not support a change in the lodestar.

 3. <u>The skill required to perform the legal service properly.</u>

SLF utilized every resource at its disposal to obtain ultimate victory on behalf of Plaintiffs. SLF team members were assigned unique tasks such as running skip traces on Defendants, consulting other law firms about creative ways to pin down absent defendants, and consistently contacting process servers to provide updated addresses and instructions for service on Defendants. Moreover, because SLF is based in Arkansas, these team members performed these tasks from three states away. SLF made use of each team members unique skills by assigning drafting attorneys to the areas in which they have most experience and delegating service tasks to paralegals who have been handling service for SLF for five or more years. This factor does not favor a deviation from the lodestar.

    4.    <u>Other employment precluded due to acceptance of the case.</u>

As detailed in the Declaration of Josh Sanford, SLF has recently transitioned from wage cases into the far more lucrative area of data breach lawsuits. Decl. Sanford ¶ 15. The extensive work required to pursue this case to victory precluded SLF attorneys from pursuing their data breach docket. If the Court is to deviate from the lodestar, this factor supports an increase.

    5.    <u>The customary fee.</u>

As detailed above, SLF's hourly rates are reasonable and in line with the prevailing rates in the Phoenix area. The factor does not support a deviation from the lodestar.

    6.    <u>Whether the fee is fixed or contingent.</u>

Because SLF accepted this case on a contingency basis, the fee award should not depend on the damages recovered. In fact, the contingency basis of this case "supports the potential for a larger award of attorneys' fees." *Banko*, 2025 WL 755422, at *3 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2007)).

    7.    <u>Time limitations imposed by the client or the circumstances.</u>

No time limit was imposed on this case; this factor does not support a deviation from the lodestar.

    8.    <u>The amount involved and the results obtained.</u>

SLF obtained excellent results on behalf of Plaintiffs. Named Plaintiffs were awarded almost $100,000 in total damages, and Opt-in Plaintiffs were awarded over $36,000 in total damages. This result supports an upward deviation to the lodestar.

9. <u>The experience, reputation, and ability of the attorneys.</u>

SLF is experienced in FLSA-based litigation, and have represented individual plaintiffs as well as classes on state-wide, regional and national levels, through both settlement and trial. Decl. Sanford ¶¶ 6–7, 17–19. The managing attorneys on this case each had around 10 years of experience during their respective times on the case and are all highly qualified to work on FLSA matters. Decl. Sanford ¶ 19. The experience, reputation and ability of SLF supports the lodestar amount requested.

10. <u>The "undesirability" of the case.</u>

The contingency nature of this case, coupled with the risk of low damages and speculative availability of fees, makes this case more undesirable than desirable. There was no guarantee that Plaintiffs would be awarded significant damages, nor is there a guarantee that SLF will be compensated for the extensive labor performed in serving Defendants and seeking default judgment. This factor favors an upward deviation from the lodestar.

11. <u>The nature and length of the professional relationship with the client.</u>

This case pended on behalf of 15 Plaintiffs for over three years. As detailed in the Invoice, SLF spent over seven hours[3] speaking with Plaintiffs, updating them on the status of the case, and seeking information regarding collective certification and damages. Moreover, the relationship will continue past any fee award as SLF

---

[3] This number was reduced in the preparation of the Invoice. As part of SLF's standard practice, certain attorneys are tasked with speaking with clients, specifically at the initial stages of litigation, but then also as needed throughout the case. These hours were taken out completely in order to keep the number of billing attorneys to a reasonable number.

anticipates significant labor and effort in enforcing this Court's judgments against Defendants. This factor favors an upward deviation from the lodestar.

12.  Awards in similar cases.

Courts in the District of Arizona consistently award attorneys' fees for cases won on default. *See, e.g.*, *Banko*, 2025 WL 755422, at *4 (awarding $11,570.00 in fees); *Vilchis*, 2024 WL 4769782, at *5 (awarding $7,654.00 in fees); *Ubinger*, 2024 WL 3045303, at *4 (awarding $10,769.00 in fees). These cases were filed on behalf of a single plaintiff and do not detail any difficulty in serving the defendant. *See generally*, *Banko*, 2025 WL 755422; *Vilchis*, 2024 WL 4769782; *Ubinger*, 2024 WL 3045303. Accordingly, it is reasonable for SLF to receive a higher fee for a case litigated on behalf of 15 plaintiffs when the Defendants evaded service. The factor does not support a deviation from the lodestar.

**D.   Costs other than Attorneys' Fees**

Lastly, Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (allowing an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. Furthermore, "where attorney's fees are expressly authorized by statute (as they are in 29 U.S.C. § 216(b)), the trial court is not limited to Rule 54(d), but, in addition, has authority to include litigation expenses as part of a 'reasonable attorney's fee.'" *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988). Here, Plaintiffs seek $1,312.35 in costs, representing the $402.00 filing fee required to initiate any federal lawsuit plus all fees incurred for tracing and serving Defendants. Decl. Sanford ¶ 41.

### IV. CONCLUSION

Because SLF has submitted complete documentation of the hours reasonably expended in litigating this case and has billed its time at reasonable rates, the lodestar fee is easily calculated and SLF is entitled to the strong presumption that the lodestar fee should be awarded in full. SLF attorneys are skilled and have particular experience in FLSA cases. They took up the cause of employees who were not in a position to pay for legal services and bore the cost of years of litigation. To satisfy Congress's intent that private attorneys should be encouraged to enforce the FLSA even on behalf of low-earning workers, SLF should be awarded compensation commensurate with what it would have received from a paying client. Therefore, Plaintiffs respectfully request that their Motion for Attorney's Fees be granted in its entirety and that Defendants be ordered to pay attorney's fees of $20,490.00 and costs of $1,312.35.

Respectfully submitted,

**TODD HEICHEL, RUDY CASTRO, JUSTIN GARMENDIA, JOSHUA HOLGATE and RANDI PITTS, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

15