IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Heichel, et al., | No. CV-22-01513-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Tri City Transport LLC, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Costs and Attorney Fees. (Docs. 57, 58). For the following reasons, the Court grants the Motion.

**I.   BACKGROUND**

Plaintiffs, Todd Heichel, Rudy Castro, Justin Garmendia, Joshua Holgate, and Randi Pitts, brought this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), the Arizona Wage Act, A.R.S. § 23-353 ("AWA"), and the Arizona Minimum Wage Act, A.R.S. § 23-363 ("AMWA") against Defendants Tri City Transport LLC ("Tri City"), Swwoop LLC ("Swwoop"), and Michael Butler for Defendants' failure to pay sufficient minimum wages and overtime wages. The Complaint goes on to allege that the revenue generated by the two companies was merged and managed in a unified manner, with the Defendants operating as a single enterprise. Defendant Butler was the operating employer. (Id. at ¶¶18-21).

Defendants employed the Plaintiffs and paid them per mile driven. (Id. at ¶ 19). Defendants are alleged to have failed to pay Plaintiffs a rate at or close to minimum wage

per hour work, failed to reimburse Plaintiffs for mileage expenses at the standard IRS business mileage rate, and failed to pay overtime rates of one and one-half times their regular rate for all hours worked over forty in a week. (Id. at ¶¶ 34,40-53, and 62).

On August 2, 2023, the Clerk of the Court entered default as to Defendants Swwoop LLC and Tri City Transport LLC, pursuant to Fed. R. Civ. P. 55(a). On February 2, 2024, the Clerk of the Court entered default as to Defendant Michael Butler, pursuant to Fed. R. Civ. P. 55(a). On September 26, 2025, the Court granted default judgment to Plaintiffs Heichel, Castro, and Garmendia. (Doc. 51). The Court denied without prejudice the Default Judgment as to all parties other than the named Plaintiffs in the original Complaint because the Plaintiffs did not move the Court to allow the Court to consider whether it is proper to include these additional parties in the Default Judgment before it. (Doc. 51). On October 14, 2025, Plaintiffs moved to include Opt-In Plaintiffs in default judgment. (Doc. 53). The Court granted conditional collection action certification and granted default judgment for the Opt-In Plaintiffs. (Doc. 56). Plaintiffs timely filed the instant Motion for Attorney Fees and Costs (Doc. 57) and supporting brief (Doc. 58).

## II.    LEGAL STANDARD

When a plaintiff prevails in a FLSA action, "[t]he court in such an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Once a party is found eligible for fees, the district court must then determine what fees are reasonable. . . ." Klein v. City of Laguna Beach, 810 F.3d 693, 698 (9th Cir. 2016) (citation omitted). Courts begin the analysis by applying the lodestar method. See Bravo v. City of Santa Maria, 810 F.3d 659, 665–66 (9th Cir. 2016). Determining the lodestar amount is a "two-step process." Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016) (citation omitted). First, a court multiplies the number of hours "reasonably expended on a case by a reasonable hourly rate." Id. (citation omitted). The reasonable hourly rate is determined by assessing "the prevailing market rate in the relevant community." Id. (cleaned up and citation omitted). "[T]he relevant community is the forum in which the district court sits." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 579 (9th Cir. 2008).

After the lodestar figure is determined, a district court retains discretion to adjust the lodestar figure upward or downward based on a variety of factors "not subsumed in the lodestar figure." Id.; see Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also LRCiv. 54.2(c)(3).

### III. DISCUSSION

Plaintiffs have obtained a default judgment against the Defendants in this action. (Doc. 53). Thus, Plaintiffs are the prevailing party and are therefore entitled to an award for attorney fees and costs under the FLSA. 29 U.S.C. § 216(b). Plaintiffs' counsel requests a total of $20,490.00 in attorneys' fees and $1,312.35 in costs other than attorneys' fees. (Docs. 57, 58). For the reasons set forth below, the Court grants Plaintiffs' request.

**A. Attorney Fees**

First, the Court must consider whether the hourly rate is reasonable in this District. Kelly, 822 F.3d at 1099. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

In this case, Plaintiffs had seven different attorneys, paralegals, and a law clerk work on this case. (Doc. 58 at 9). Attorney Courtney Lowery charged $400 per hour, attorney Karolina Viehe billed $400 per hour, attorney Laura Edmondson billed $300 per hour, attorney Samuel Brown billed $300 per hour, attorney Sean Short billed $400 per hour, attorney Stacy Gibson billed $400 per hour, the paralegal billed $150 per hour, and the law clerk billed $110 per hour. (Id.)

Plaintiffs' attorney Josh Sanford submitted a detailed affidavit outlining the firm's expertise handling FLSA collective actions. (Doc. 57-2) Also, all the attorneys, except for attorneys Edmondson and Brown, that worked on this case have around ten years of experience. Attorneys Edmondson and Brown charged at a reduced rate of $300.00 per hour to account for their comparative lack of experience. Further, a rate of $300 to $400

an hour has been found to be reasonable for FLSA cases in the District of Arizona. See e.g., Vilchis v. Roman's Transportation LLC, No. CV-24-01041-PHX-ROS, 2024 WL 4769782 at *2 (D. Ariz. Nov. 13, 2024); see also Finton v. Cleveland Indians Baseball Co. LLC, No. CV-19-02319-PHX-MTL, 2022 WL 2665927 at *2 (D. Ariz. July 11, 2022) (collecting cases). Accordingly, the Court finds that hourly rate requested is reasonable.

Next, the Court considers the reasonableness of the hours expended by Plaintiffs' counsel. See Twin City Sportservice v. Charles O. Finley & Co., 676 F.2d 1291, 1313 (9th Cir. 1982) (the prevailing party is generally entitled to recover fees for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest.") Plaintiffs' counsel billed a total of 64.8 hours in this case: 2.8 hours for case initiation, 7.1 hours for client communication, 5.3 hours for the collective action. 0.2 hours for court communication, 19.2 hours for default judgment, 1.5 hours for discovery, 3.9 hours for the fees petition, 8.1 hours for in-house communication, and 16.7 hours for service. (Docs. 57-1, 58 at 6).

This action commenced on September 8, 2022 (Doc. 1) and took over three years to conclude. Plaintiffs' counsel expended significant effort to locate and serve Defendants. (Doc. 58 at 5). After Defendants failed to appear in this case, Plaintiffs pursued default judgment against Defendants, which required the calculation of damages on behalf of 15 Plaintiffs and Opt-In Plaintiffs. (Id.). Plaintiffs also submitted a log of time expended in this case (Doc. 57-1). Having carefully considered the time and labor reasonably required for each task on Plaintiffs' activity log, the Court finds that each of the entries are reasonable.

Further, Plaintiffs' Counsel reduced billing in good faith to exclude potentially excessive, redundant, or otherwise unnecessary hours. (Doc. 58 at 7). For example, Plaintiffs' counsel audited billing and deducted items for which billing insufficiently described how the time was spent and for clerical and administrative work. (Id.). Plaintiff's counsel also utilized the assistance of support staff, such as paralegals, to keep the cost of litigation down. (Id.)

The Court finds that Plaintiff's counsel's hourly rates and time expended on this case are reasonable and declines to exercise its discretion to adjust the lodestar upward or downward. See Stetson v. Grissom, 821 F.3d 1157, 1166-67 (9th Cir. 2016). Accordingly, the Court awards Plaintiffs $20,490.00 in attorney fees.

**B. Costs**

Plaintiffs also request $1,312.35 in out-of-pocket costs detailed in a separate detailed invoice. (Docs. 58 at 14, 57-3). This includes the $402.00 filing fee required to initiate this action and all costs incurred for tracing and serving Defendants. (Id.). Under the FLSA, the court may award the prevailing party costs in addition to attorney fees for the action. 29 U.S.C. § 216(b); see also Fed. R. Civ. P. 54(d) (allowing and award of costs to the prevailing party). The Court finds the requested out-of-pocket costs consisting of the filing fee and costs incurred tracing and serving Defendants to be reasonable. The Court awards Plaintiffs $1,312.35 in costs.

Accordingly,

**IT IS ORDERED granting** Plaintiffs' Motion for Costs and Attorneys' Fees. (Docs. 57, 58).

**IT IS FURTHER ORDERED awarding** Plaintiffs $20,490.00 in attorney fees and $1,312.35 in costs, plus post-judgment interest, for which Defendants Tri City Transport LLC, Swwoop LLC, and Michael Butler are jointly and severally liable.

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment accordingly.

Dated this 21st day of November, 2025.

_____
Stephen M. McNamee
Senior United States District Judge